**STATE of Missouri, Respondent,**

v.

**Gervais JOHNSON, Appellant.**

**No. WD 45427.**

Missouri Court of Appeals,
Western District.

Sept. 22, 1992.

**40**

J. Bryan Allee, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and BRECKENRIDGE and HANNA, JJ.

TURNAGE, Presiding Judge.

Gervais E. Johnson was charged by a first amended information with sexual abuse in the first degree, § 566.100, RSMo 1986,[1] and that he was a prior and persistent offender under § 558.016. A jury found Johnson guilty and the court sentenced him to five years imprisonment as a prior and persistent offender. Johnson contends that the trial court plainly erred in finding him to be a prior and persistent offender under § 557.036 and § 558.016 and in submitting jury Instruction No. 4 patterned after MAI–CR 3d 302.04. Judgment affirmed.

Johnson does not challenge the sufficiency of the evidence so it is not necessary to recount the facts of the offense.

At trial, Johnson admitted during direct examination that he had been convicted in South Carolina, in 1978, of assault with a dangerous weapon for which he received five years with probation.

He also admitted that he had a 1990 conviction imposed in Oklahoma for larceny from a person for which he received three years probation. On cross-examination, Johnson acknowledged that both of these prior convictions were felony offenses.

Prior to trial, Johnson's attorney informed the court that his client was not disputing the "prior offender" portion of the amended information, nor was he disputing the validity of the 1978 conviction. Before the submission of the case to the jury, a hearing was held during which the parties stipulated that Johnson's 1978 conviction was, in fact, a felony conviction. Based upon Johnson's admissions from the witness stand regarding his two prior felony convictions for assault and larceny from a person, the trial court found that Johnson was a prior and persistent offender under § 557.036.4 and § 558.016. After the jury returned a guilty verdict, the court sentenced Johnson to five years imprisonment. Johnson first contends that the court plainly erred in finding him to be a prior and persistent offender under § 557.036 and § 558.016 because the state failed to prove that his prior convictions were imposed with the benefit of counsel or that he had waived counsel and the evidence failed to establish that he was in fact convicted of a felony.

■ Johnson argues that since there is no evidence in the record to indicate whether Johnson's convictions were made with the benefit of counsel or by a knowing

**1.** All statutory references are to Revised Missouri Statutes 1986, unless otherwise stated.

waiver of counsel, the trial court erred in accepting those convictions to enhance punishment for the offense in the case at bar. However, on direct examination, Johnson admitted that he had previously been convicted of assault with a deadly weapon and larceny from a person. He further admitted, on cross-examination, that both offenses were felony convictions.

Although no Missouri cases have directly addressed this issue, other jurisdictions have held that when proof of a defendant's prior convictions stems from his own admissions at trial, there is no requirement for the state to prove additionally that the defendant was either represented by counsel or had waived his right to counsel. *Hanson v. State*, 716 P.2d 688, 689–90[4] (Okla.Crim.App.1986); *Nilson v. State*, 412 So.2d 1262, 1263–64 (Ala.Crim.App.1982); 24 C.J.S. *Criminal Law* § 1657, at 308 (1989). The rationale for this is that by admitting his conviction of a crime a defendant admits all of the ingredients needed to prove the commission of the crime. Further, by admitting the prior conviction the defendant relieves the State of the burden of proving all of the matters that ordinarily would be necessary to establish the prior conviction. This court finds these cases persuasive. Therefore, a defendant's admission in court of prior convictions may properly be relied upon for purposes of enhancement of punishment notwithstanding the absence of evidence that the defendant was represented by counsel at the trial for those offenses. Accordingly, the trial court did not err in relying on Johnson's admissions for proof of his prior convictions.

█ Johnson also contends that the state failed to prove that his two prior convictions were in fact felonies. Here, Johnson's argument fails because he admitted on cross-examination that the prior convictions were felonies and his admissions are sufficient to meet the state's burden of proof on this issue. A judicial admission basically "waives or dispenses with the production of evidence and concedes for the purpose of the litigation that a certain proposition is true ... and is conclusive on

the party making it." *Kelly v. State*, 623 S.W.2d 65, 68[3–5] (Mo.App.1981) (citing *Hewitt v. Masters*, 406 S.W.2d 60 (Mo.1966) and *Wehrli v. Wabash Railroad Co.*, 315 S.W.2d 765 (Mo.1958)). In this case, Johnson made a judicial admission of his prior felony convictions and thereby waived his right to object to such convictions.

Further, since Johnson's attorney stipulated to the 1978 conviction, Johnson is bound by this admission as well. *State v. Johnson*, 829 S.W.2d 630, 633[7–8] (Mo. App.1992). Moreover, objections to the sufficiency of proof in connection with prior offenses may be waived by the admissions of a defendant or his attorney. *State v. Newland*, 592 S.W.2d 495, 501–502[10] (Mo.App.1979). Section 558.021.5 provides that in determining whether a defendant is a prior, persistent or dangerous offender, "[t]he defendant may waive proof of the facts alleged." Accordingly, the court did not commit plain error in its determination that Johnson was a prior and persistent offender.

Finally, Johnson contends that the trial court plainly erred in submitting Instruction No. 4, patterned after MAI–CR 3d 302.04. Johnson asserts that the definition of "reasonable doubt" as proof that leaves the jurors "firmly convinced" of the defendant's guilt impermissibly lowered the burden of proof imposed on the state, thus allowing the jury to find him guilty on a lesser degree of proof than is required by law.

Identical challenges to MAI–CR 3d 302.04 have been consistently rejected by the Missouri Supreme Court, most recently in *State v. Blankenship*, 830 S.W.2d 1, 13[14] (Mo.banc 1992).

The judgment is affirmed.

All concur.