**STATE of Missouri, Respondent,**

v.

**Dallis Fay COOMER, Appellant.**

No. 73349.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 15, 1998.

Walter S. Brusch, Lowes & Drusch, Cape Girardeau, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant appeals five-year sentence imposed in a court-tried case. The state charged defendant with the class D felony of driving while intoxicated on February 14, 1997. It also alleged defendant previously pleaded guilty, or was found guilty, of driving while intoxicated on July 18, 1992, February 20, 1992, November 27, 1989 and September 24, 1986.[1] Defendant argues two points of error: (1) the court erred in admitting evidence of a breathalyzer examination because the state failed to comply with statutory and regulatory provisions and procedures which provide the foundation for admission of test results; and, (2) the court failed to make findings of fact required to support a conclu-

---

1. The legal file contains some discrepancy as to actual dates.

sion that defendant is a prior or persistent offender.

Trooper Todd Turlington stopped defendant after observing him driving with only one headlight working and swerving onto the shoulder of the road. The trooper noticed an open beer can between the front seats. Defendant admitted he had been drinking. Defendant's speech was slurred. He failed every field sobriety test. Without objection, Trooper Turlington opined "he was intoxicated." Trooper Turlington holds a type III permit from the Missouri Department of Health and is a trained administrator of breathalyzer tests. He testified that he followed the regulations set out in 19 CSR 25–30.060 and form 7 issued by the Missouri Department of Health. He administered the test and the test registered a blood alcohol content of .233 percent. Trooper Turlington offered all of this testimony regarding the breathalyzer tests and the result without objection.

We reject defendant's first claim of error in the admission of the breathalyzer evidence for several reasons. First, there was evidence independent of the breathalyzer test and test results to support finding defendant guilty of the charged crime. The admission of the breathalyzer test result was not necessary to support the finding of the trial court that defendant was driving while intoxicated.

■ Second, the breathalyzer evidence was admitted without objection. Defendant's claim of error depends upon a finding of inadequate foundation for the admission of the test results. In such cases we have held a specific objection as to foundation deficiencies is required. The requirement is intended to permit the state to consider a remedy. "We will not review the contention of inadequate foundation raised for the first time on appeal." *State v. Blue*, 875 S.W.2d 632, 633 (Mo.App. E.D.1994). Third, defendant does not argue that admission of the test results was a matter of plain error. We find that it was not. Fourth, the trooper's testimony was sufficient to find that statutory and regulatory requirements were satisfied. The trooper was certified and administered the test in accordance with established procedures. Defendant does not claim, nor is

there any evidence to support a finding of malfunction of the test equipment. Accordingly, the evidence supported a finding that the provisions of the relevant statute and state regulations were satisfied. *Green v. Director of Revenue*, 961 S.W.2d 936, 939 (Mo.App. E.D.1998). Defendant's claim of error in the admission of evidence is without merit.

■ Defendant's second point of error is that the court failed to make a required finding to support a felony sentence that defendant is a prior or persistent offender. A person is guilty of a class D felony for driving while intoxicated if the state alleges and offers evidence to support a finding defendant is a persistent offender. Section 577.023.3 RSMo 1994. Defendant argues that the "Sentence and Judgment" fails to contain the required findings of fact. Defendant concludes this failure to make the necessary findings requires a remand for resentencing for a misdemeanor. This point fails for two reasons. First, defendant acknowledged five prior driving while intoxicated convictions. He may not challenge sufficiency of proof. *State v. Rice*, 887 S.W.2d 425, 429 (Mo.App. W.D.1994). Second, in fact, the findings were made on the form used by the court for the "Sentence and Judgment." The court "X'ed" the appropriate boxes to make the findings.

We affirm.

ROBERT G. DOWD, Jr., C.J., and CRANDALL, J., concur.