José I. TREVIÑO, III, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 27537.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 20, 2006.

Rosalynn Koch, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, for respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

José I. Treviño, III ("Appellant") ap-

peals from the denial of his rule 24.035 [1] motion for post-conviction relief in the Circuit Court of Greene County. Appellant alleges that he improperly received an enhanced sentence as a prior and persistent offender after he pled guilty to driving while intoxicated ("DWI") pursuant to section 577.010. [2] Appellant seeks to have this sentence reversed and remanded with instructions to the trial court to sentence Appellant to no more than five years of imprisonment.

In Count I [3] of the information, the State charged that:

[T]he defendant, in violation of Section 577.010, RSMo, committed the class D felony of driving while intoxicated, punishable upon conviction under Sections 558.011, 560.011 and 577.023.3, RSMo, in that on or about the 22nd day of May, 2003, at or near Travis and Atlantic, in the County of Greene, State of Missouri, the defendant, JOSÉ I[.] TREVI[Ñ]O, operated a motor-vehicle while under the influence of alcohol, and

On or about the 16th day of December, 1999, defendant pled guilty to driving while intoxicated for events occurring on the 27th day of May, 1999, in the Circuit Court of Greene County, Case Number 399CF6099, and

On or about the 14th day of May, 1999, defendant pled guilty to driving while intoxicated for events occurring on the 11th day of May, 1997, in the Circuit Court of Greene County, Case Number 398CF1851.

Defendant is a prior offender under Section 558.016, RSMo. Defendant is also a persistent offender and is punishable by sentence to an extended term of imprisonment under Section[s] 558.016 and 577.036[ [4]] in that he has pleaded guilty to two or more felonies committed at different times. The felonies are as follows:

On or about the 16th day of December, 1999, defendant pled guilty to driving while intoxicated for events occurring on the 27th day of May, 1999, in the Circuit Court of Greene County, Case Number 399CF6099, and

On or about the 14th day of May, 1999, defendant pled guilty to driving while intoxicated for events occurring on the 11th day of May, 1997, in the Circuit Court of Greene County, Case Number 398CF1851.

The trial court advised Appellant at the plea hearing of his constitutional right to a trial. After the prosecutor reviewed the facts of the charged offense, he concluded:

State's evidence would also show that on or about the 16th day of December 1999 defendant pled guilty to driving while intoxicated for events occurring on the 27th day of May 1999 in the Circuit Court of Greene County, Case No. 399CF6099.

And on or about the 14th day of May 1999 defendant pled guilty to driving while intoxicated for events occurring on the 11th day of May 1997 in the Circuit Court of Greene County, Case No. 398CF1851.

1. All rule references are to Missouri Court Rules (2006), unless otherwise specified.

2. All references to statutes are to RSMo 2000, unless otherwise specified.

3. Appellant pled guilty to Count I on October 23, 2003. Count II was dismissed at sentencing.

4. Section 577.036 does not exist. Presumably, the State attempted to comply with MACH–CR 2.30.2, which refers to section 557.036. That section specifies the role of the court and the jury in sentencing.

Additionally, the defendant is a prior offender and a persistent offender and punishable by an extended term of imprisonment in that he has two or more felonies. These felonies are the DWI offenses previously listed.

When the court asked Appellant "Are you pleading guilty, because you did as [the prosecutor] stated in the factual basis?," Appellant replied "Yes, sir." The trial court found on the record that "there is a factual basis for a plea of guilty, that defendant's plea of guilty is made voluntarily and with an understanding of defendant's rights. Court accepts defendant's plea of guilty to the [c]lass D felony of driving while intoxicated, and finds the defendant guilty thereof beyond a reasonable doubt." The court later asked whether Appellant admitted to violating his probation on the two earlier DWI convictions (case numbers 399CF6099 and 398CF1851) by driving while intoxicated on May 22, 2003, to which Appellant's counsel answered in the affirmative.

At the sentencing hearing, the prosecutor argued against probation and recommended:

[T]hat the sentence be six years, because he did plea as a—not only a prior and persistent DWI offender, but he also pled to, uh—as a prior and persistent felony offender. And the maximum sentence, um, under the change in the law, which was just recently, makes the maximum for a prior and persistent offender on a DW—or on a D felony is seven years. So we're going to recommend six years. And the reason for this is because [Appellant] does have the two prior sentences for driving while intoxicated, both of which have been felonies.

Neither plea counsel nor Appellant objected to this characterization of his plea or his status as a prior and persistent offender. Once again, the court confirmed that

Appellant admitted to violating his probation on case numbers 399CF6099 and 398CF1851. The court sentenced Appellant to six years imprisonment to run consecutively with the two prior DWI convictions from Greene County (case numbers 399CF6099 and 398CF1851). The execution of the sentence was suspended and Appellant was placed on supervised probation for five years. The court's Sentence and Judgment designated Appellant as a prior and persistent offender. When Appellant's probation for this conviction was revoked on March 10, 2005, the court's Judgment and Sentence sent to the Department of Corrections also listed Appellant as a prior and persistent offender. Appellant's subsequent rule 24.035 motion for post-conviction relief was denied.

Appellant first argues that his motion for post-conviction relief was improperly denied because the State failed to prove on the record that he had two prior intoxication-related offenses and two prior felony convictions and as such the six-year sentence imposed violated his right to due process under the Fourteenth Amendment to the United States Constitution and Art. I, section 10 of the Missouri Constitution, and violated the statutory procedures of sections 558.021 and 577.023. In his second point, Appellant argues that his motion for post-conviction relief was improperly denied because the trial court failed to find that Appellant had two prior intoxication-related offenses and two prior felony offenses such that his persistent offender status remained unadjudicated and the six-year sentence imposed was excessive and violative of his right to due process under the Fourteenth Amendment to the United States Constitution and Art. I, section 10 of the Missouri Constitution, and violated the statutory procedures of sections 558.021 and 577.023.

 Driving while intoxicated is generally a class B misdemeanor. Section 577.010. When the offense is repeatedly committed, the sentence-enhancing provisions of section 577.023 are triggered. *State v. Ewanchen,* 799 S.W.2d 607, 609 (Mo. banc 1990). Section 577.023 provides in pertinent part:

1. For purposes of this section, unless the context clearly indicates otherwise:

. . . .

(3) An "intoxication-related traffic offense" is driving while intoxicated. . . .

(4) A "persistent offender" is one of the following:

(a) A person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses;

. . . .

(5) A "prior offender" is a person who has pleaded guilty to or has been found guilty of one intoxication-related traffic offense, where such prior offense occurred within five years of the occurrence of the intoxication-related traffic offense for which the person is charged.

. . . .

3. Any person who pleads guilty to or is found guilty of a violation of section 577.010 . . . who is alleged and proved to be a persistent offender shall be guilty of a class D felony.

. . . .

7. The state, county, or municipal court shall find the defendant to be a prior offender [or] persistent offender . . . if:

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender or persistent offender; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt the defendant is a prior offender [or] persistent offender . . . ; and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender [or] persistent offender. . . .

Section 577.023. At the time of Appellant's guilty plea, a class D felony was punishable by a prison term not to exceed five years. Section 558.011.1(4).[5]

To be a prior felony offender, one must have either pleaded to, or been found guilty of, one felony. Section 558.016.2. A persistent felony offender is "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.016.3. The maximum authorized term of imprisonment for a persistent felony offender charged with a class D felony is seven years. Section 558.016.7(4).[6] The procedure for finding a defendant's prior and persistent felony offender status is found in section 558.021.1. That section provides an identical procedure for finding persistent felony offender status as section 577.023.7 provides for determining persistent DWI offender status. In *State v. Sparks,* 916 S.W.2d 234 (Mo.App. E.D. 1995), the Eastern District of this Court described the language of these two statutes as "virtually identical." *Id.* at 238. On that basis, the court went on to apply

---

**5.** As of June 27, 2003, class D felonies are punishable by a term not to exceed four years. Section 558.011.1(4).

**6.** Section 448.016.7(4) provides that the maximum sentence of imprisonment for a class D persistent offender is any sentence authorized for a class C felony. Under section 558.011.1(3), the maximum sentence for a class C felony is not to exceed seven years.

section 558.021 case law to the section 577.023 case before it. *Id.* We shall do the same. Appellant's claims of error relate to subsections two and three of sections 558.021.1 and 577.023.7, the State's burden of proving, and the trial court's adjudication of, prior and persistent offender status.

■ We review the denial of a rule 24.035 motion to determine whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(k). The findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997).

■ The first issue for this Court to consider is whether Appellant's motion for post-conviction relief was improperly denied because the State failed to prove beyond a reasonable doubt that Appellant had two prior intoxication-related traffic offenses and two prior felony convictions, so that the six-year sentence imposed was excessive. Appellant complains that the State did not adduce any proof of his previous convictions. We disagree. The State complied with its obligation to prove the prior felonies.

Appellant's claim that the State failed to prove beyond a reasonable doubt his previous felony convictions is without merit. Appellant entered a guilty plea after the prosecutor stated the dates Appellant committed the previous crimes, the fact that they were both felony DWIs, the date and the court where the guilty pleas were entered, and the case numbers for each. Appellant also admitted at the guilty plea hearing and the sentencing hearing that he violated his probation in the two prior DWI cases (case numbers 399CF6099 and 398CF1851) by driving while intoxicated on May 22, 2003. Furthermore, Appellant did not object to the prosecutor's argument at the sentencing hearing that the court should impose a six-year sentence because Appellant is a prior and persistent DWI offender and a prior and persistent felony offender.

Appellant's admissions "relieve[d] the State of the burden of proving all of the matters that ordinarily would be necessary to establish the prior conviction." *State v. Johnson,* 837 S.W.2d 39, 41 (Mo.App. W.D. 1992); *see also Meeks v. State,* 876 S.W.2d 755, 757 (Mo.App. E.D.1994) (concluding that defendant's admission on the record to three prior convictions occurring at three separate times was sufficient to support his conviction as a class X offender). The State met its burden of proving Appellant's prior felony convictions, and as such the motion court properly denied post-conviction relief on this matter. Point I is denied.

■ In his second point, Appellant claims that his motion for post-conviction relief was improperly denied in that the trial court failed to find that he had two prior intoxication-related offenses and two prior felony convictions, so that his status as a persistent offender remained unadjudicated and his six-year sentence was excessive. We find that the trial court properly adjudged Appellant a prior and persistent felony offender.

If there is sufficient evidence to meet the definition of persistent offender, the failure of the trial court to make specific findings is a procedural deficiency under the present version of section 558.021.1(3). *Hight v. State,* 841 S.W.2d 278, 282 (Mo. App. S.D.1992). The court may use a variety of methods used by trial courts to find prior and persistent offender status. *See State v. Gibson,* 122 S.W.3d 121, 125 (Mo. App. W.D.2003) (concluding that appellant was found to be a persistent offender and

was sentenced accordingly by the trial court when the amended information charged Appellant with DWI as a persistent offender and his sentence of imprisonment of five years was reserved for persistent DWI offenders); *State v. Coomer*, 976 S.W.2d 605, 606 (Mo.App. E.D.1998) (holding that defendant's admission of previous DWI convictions coupled with the court checking the appropriate boxes on the sentence and judgment form amounted to a sufficient finding by the court of the defendant's prior and persistent offender status); *Sparks*, 916 S.W.2d 234, 238 (holding that because the trial court found defendant guilty of a class D felony DWI, which is reserved for persistent offenders only, the trial court, in effect, found the defendant to be a persistent offender); *State v. Rice*, 887 S.W.2d 425, 429 (Mo.App. W.D. 1994) (concluding that a court's oral finding on the record that the defendant is a persistent offender, and the expression of that finding in its written judgment is sufficient to satisfy the requirements of section 558.021.1(3)).

There is adequate evidence of the trial court's finding that Appellant is a prior and persistent offender. After Appellant pled guilty to Count I of the information, which included the prior and persistent felony offender charge, the trial court stated that it found "there is a factual basis for a plea of guilty, that defendant's plea of guilty is made voluntarily and with an understanding of defendant's rights. Court accepts defendant's plea of guilty to the [c]lass D felony of driving while intoxicated, and finds the defendant guilty thereof beyond a reasonable doubt." The trial court twice acknowledged Appellant's admission to violating his probation on the two prior DWI charges by driving while intoxicated on May 22, 2003. Appellant was convicted of a class D felony DWI, a charge which is reserved for persistent DWI offenders. Section 577.023.3. Fur-

thermore, Appellant's sentence could not have been further extended beyond the five year maximum for class D felony DWI to six years unless the trial court found that Appellant was a prior and persistent felony offender. Section 558.016.7(4). In the court's Sentence and Judgment, Appellant was designated as a prior and persistent offender. Finally, in the court's Judgment and Sentence to the Department of Corrections, Appellant was once again designated as a prior and persistent offender. We find that there is sufficient evidence in the record on appeal to conclude that the trial court properly found beyond a reasonable doubt Appellant's prior and persistent intoxication-related offender and felony offender status. Point II is denied.

The judgment denying the rule 24.035 motion is affirmed.

PARRISH, J., SCOTT, J., concur.