**STATE of Missouri, Respondent,**

v.

**John L. LEMONS, Appellant.**

**No. SD 30959.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 25, 2011.

Motion for Rehearing and/or Transfer Denied Sept. 16, 2011.

Application for Transfer Denied Oct. 25, 2011.

---

Craig A. Johnston, Columbia, MO, for Appellant.

Chris Koster, Attorney General and Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR.,
Presiding Judge.

A jury convicted John L. Lemons ("Lemons") of driving while intoxicated ("DWI"). The trial court sentenced Lem-

ons to seven years' imprisonment as a chronic offender under section 577.023.[1] Lemons appeals his sentence as a chronic offender.

### Factual and Procedural History

Lemons does not challenge the sufficiency of the evidence to prove he was guilty of DWI on March 13, 2010. Rather, Lemons challenges the sufficiency of the evidence offered to prove that he is a chronic DWI offender as defined in section 577.023.1(2). Therefore, we only discuss the facts dispositive to this appeal.

The State charged Lemons as a chronic offender based on allegations of four prior convictions for intoxication-related traffic offenses: (1) an alleged 1991 conviction for DWI from the State of Arkansas; (2) a 2002 conviction for DWI in the Circuit Court of Dunklin County, Kennett Municipal Division, Kennett, Missouri; (3) a 2005 conviction for DWI in the Circuit Court of Dunklin County, Associate Division; and (4) a 2006 conviction for driving with an excessive blood alcohol content in the Circuit Court of Dunklin County, Kennett Municipal Division, Kennett, Missouri. Prior to the start of trial, the State submitted a certified copy of Lemons' "Missouri Driver Record" ("Driver Record") maintained by the Department of Revenue ("DOR") setting forth the above convictions. The Driver Record included the following entry from the alleged Arkansas conviction:

> **DRIVING WHILE INTOXICATED** assessed 08 points, **ID# 06** Violation on **4–02–1991** in **Non–Commercial Vehicle** Convicted on **4–02–1991** in **Arkansas** by **CIRCUIT**

court **Missouri** Offence Code is 3034, Microfilm/Court Report ID is 26493802 Ticket No. 000050970, ACD is **A20**

Neither the Information, nor the Driver Record identified which Arkansas court convicted Lemons. Lemons objected to the admission of the Driver Record. The trial court overruled the objection and admitted the record. No other evidence of prior convictions was offered.

At the instruction conference, Lemons again brought up the issue of the use of the convictions contained in the Driver Record for enhancement purposes. Lemons objected to the Driver Record being used to prove the Arkansas conviction because records from "another state need to be certified" and that the State never indicated the county of the conviction, which prevented Lemons from "check[ing] if that conviction even exists." The trial court overruled Lemons' objection and found Lemons to be a chronic offender. The jury found Lemons guilty of DWI.

Lemons' motion for new trial appended an exhibit purporting to be a certified copy of a record of the "Office of Driver Control of the Arkansas Department of Finance and Administration" showing no driving record was found for the name "John L. Lemons" with Lemons' birth date. Lemons argued this exhibit showed there was "no indication from Arkansas ... that [Lemons] was ever found guilty or pled guilty to DWI in Arkansas." Lemons further complained that neither the State's Information filed in this case, nor the Driver Record indicated an Arkansas county or municipality; thus, Lemons did not have adequate notice to rebut the allegation of a

---

1. The version of the statute effective on the date of the DWI offense is the applicable statute. *State v. Coomer*, 888 S.W.2d 356, 358–60 (Mo.App. S.D.1994). In this case, Lemons was arrested on March 13, 2010. Therefore, all statutory citations are to RSMo Cum.Supp.2009, unless otherwise indicated.

prior DWI conviction in Arkansas. The trial court overruled Lemons' motion and sentenced him to seven years' incarceration. Lemons subsequently testified that he had asked his counsel to get the Arkansas record before going to trial. This appeal followed.

Both Lemons' points relied on contend he was sentenced in excess of the maximum sentence authorized by law in that the record was insufficient to prove: (1) he was represented by or waived counsel in any of his prior convictions; or (2) his Arkansas conviction actually existed. The primary issues pertinent to resolution of this appeal are:

1. Was the State required to affirmatively prove that Lemons was represented or waived counsel in all of his prior convictions used for sentencing enhancement purposes?

2. Did Lemons' Driver Record, specifically in regard to an alleged Arkansas conviction, provide sufficient evidence to prove he was a chronic offender?

### Driver Record Insufficient to Show Arkansas Conviction

For clarity purposes, we begin by addressing Lemons' second point relied on. The determinative issue on this point is whether Lemons' Driver Record—including a conviction from Arkansas that did not identify the circuit court which convicted Lemons—was sufficient evidence to prove beyond a reasonable doubt he was a chronic offender.

### Standard of Review

■ "It is the State's burden to prove prior intoxication-related traffic offenses beyond a reasonable doubt." *State v. Craig*, 287 S.W.3d 676, 681 (Mo. banc 2009); § 577.023.7(2). This Court's review is to determine whether substantial evidence was adduced to support the trial court's finding. *State v. Pike*, 162 S.W.3d 464, 469 n. 4 (Mo. banc 2005). " 'In determining whether there is sufficient evidence to support the conviction, this court accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the finding.' " *Craig*, 287 S.W.3d at 681 (quoting *State v. McKinney*, 253 S.W.3d 110, 113 (Mo.App. W.D.2008)).

### Analysis

Here, Lemons acknowledges that the certified copy of the Driver Record is admissible in all courts of this state under section 302.312. *See State v. Miller*, 153 S.W.3d 333, 339–40 (Mo.App. S.D.2005). However, Lemons argues the Driver Record was insufficient to establish the alleged Arkansas conviction because it did not identify the convicting court.[2] We agree.

Section 577.023.1(2)(a) permits a DWI charge, which for the first offense is a class B misdemeanor, to be enhanced to a class B felony DWI, giving the defendant

---

**2.** In support, Lemons also submitted the certified, notarized Arkansas record showing that Lemons had no driver history in Arkansas and argued that this established there was no such record of an Arkansas DWI conviction. We, however, are not persuaded by this record. In part, it is unclear what information that record would have revealed other than the fact that Lemons was not licensed in Arkansas; there is no indication it would have contained convictions for a driver never licensed in Arkansas. Additionally, Lemons has not demonstrated that the facts constituting the newly discovered evidence came to Lemons' knowledge after the end of the trial, as required to obtain a new trial on the basis of newly discovered evidence. *See State v. Terry*, 304 S.W.3d 105, 109 (Mo. banc 2010). In fact, during sentencing, Lemons admitted he had asked counsel to obtain the Arkansas record before going to trial.

"chronic offender" status, when the defendant "has pleaded guilty to or has been found guilty of four or more intoxication-related traffic offenses[.]" In pertinent part, an " 'intoxication-related traffic offense' is driving while intoxicated, driving with excessive blood alcohol content, ... or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance[.]" § 577.023.1(4). Under section 577.023, for a defendant to be convicted as a chronic offender

> (1) the information or indictment must plead all essential facts warranting such a finding, section 577.023.7(1); (2) evidence must establish 'sufficient facts pleaded' to warrant a finding beyond a reasonable doubt that the defendant is a chronic offender, section 577.023.7(2); [and] (3) the court must make findings of fact that warrant such a finding beyond a reasonable doubt, section 577.023.7(3)[.]

*State v. Collins*, 328 S.W.3d 705, 708 (Mo. banc 2011). Additionally, "[i]n a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside its hearing." § 577.023.8.

Our supreme court recently found that a driving record that "plainly listed [...] prior convictions" established the defendant pleaded guilty to or was found guilty of those offenses. *Collins*, 328 S.W.3d at 708 n. 4. This opinion is silent as to what information must be contained in a driver record when relying solely on a driver record to prove a prior out-of-state conviction.[3] However, our review of the case law reveals some minimal information is necessary when an individual's driver record is the only evidence relied on to prove a defendant "pleaded guilty to or had been found guilty of" a prior intoxication-related offense in an out-of-state court.

In *West v. Dir. of Revenue*, this Court held that a Missouri driver record that did not provide any information about which court in the State of Oregon a driver's alleged conviction occurred was insufficient evidence to sustain the Director's revocation of the driver's driving privileges. 184 S.W.3d 578, 582 (Mo.App. S.D.2006). This Court explained that this requirement of court identification for violations of foreign law was included by the Missouri General Assembly in the Driver License Compact ("the Compact"), section 302.600, Article III,[4] so that an aggrieved individual "would have only one county or one municipality to contact in order to explain or otherwise rebut the information given by the Director, i.e., to show he was not the person convicted, or he was charged but not convicted, or otherwise demonstrate informational error." *Id.* at 582. As such, this Court concluded the minimal information required includes at least an identification of the court in which the action was taken. *Id.*

■ In *West*, this Court held "certain *minimal* information has to be provided to

**3.** No issue was raised in *Collins* about convictions from other states.

**4.** The Missouri General Assembly adopted the Compact, which requires the licensing authority of any state who is a party to the Compact to report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. *West*, 184 S.W.3d at 580–81. While generally the language of section 302.600 has been deemed "directory" and not "mandatory," the statute provides such reports shall clearly identify the person convicted; describe the violation specifying the section of the statute, code or ordinance violated; identify the court in which action was taken; indicate whether a plea of guilty or not guilty was entered, or whether the conviction was a result of the forfeiture of bail, bond or other security; and shall include any special findings made in connection therewith. *Id.* at 582; § 302.600, Art. III.

the Director by foreign jurisdictions before alleged violations of foreign law can be used to impact a Missouri citizen's driving privileges." That is no less true here. A defendant who does not know "the court in which action was taken" may find it practically impossible to disprove an erroneous out-of-state conviction.[5]   *Id.*   (quoting § 302.600). "It is not a stretch to say" that the court-identification requirement "was included in the Compact by the General Assembly so that an aggrieved driver would have only one county or one municipality to contact in order to ... show he was not the person convicted, or he was charged but not convicted, or otherwise demonstrate informational error."   *West,* 184 S.W.3d at 582.

■ Here, the entry of the conviction in Lemons' Driver Record was the only evidence set forth to establish the Arkansas conviction. The entry noted the conviction as being in "**Arkansas** by **CIRCUIT** court," but it did not identify which circuit court in Arkansas Lemons' alleged conviction occurred. As such, in order to conclusively rebut this proof, Lemons would be required to contact every circuit court in Arkansas. Because Lemons' Driver Record does not contain that minimal information, it does not provide sufficient evidence from which the trial court could find beyond a reasonable doubt that Lemons was a chronic offender. Point granted.

### *Representation of Counsel Not Essential Fact*

Next, we address whether the State was required to prove that Lemons was represented or waived counsel in any of his prior convictions used for enhancement purposes.

### Standard of Review

While Lemons objected to the admission of the Driver Record to be used as evidence of his prior convictions, he did not object at trial on the grounds presented on appeal—that the State failed to prove he was represented by or waived the right to an attorney. As such, Lemons' claims are unpreserved and we review for plain error. *State v. Severe,* 307 S.W.3d 640, 642 (Mo. banc 2010).

■ Plain error review involves a two-step analysis. *State v. Drudge,* 296 S.W.3d 37, 40 (Mo.App. E.D.2009). "First, the court must determine whether the trial court committed an evident, obvious and clear error, which affected the substantial rights of the appellant." *Id.* at 40–41. Only if this Court identifies plain error do we proceed to the second step of determining whether manifest injustice or a miscarriage of justice resulted. *Id.* at 41. "Being sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." *Severe,* 307 S.W.3d at 642.

### Analysis

Lemons argues that because his Driver Record did not show whether he was represented by or waived the right to an attorney, the State failed to prove all essential facts showing Lemons was a chronic offender. In this analysis, we only consider the three Missouri convictions because, as discussed above, there was insufficient evidence for use of the Arkansas conviction.

Significantly, the DWI enhancement statute was amended in 2009 to no longer

---

**5.** The fact that Lemons' Arkansas record showing that Lemons has no driver history in Arkansas, even if admitted at trial, does not necessarily disprove the alleged conviction further exemplifies the challenges for disproving an alleged conviction where there is no indication of the conviction court.

explicitly require proof that the defendant was represented or waived counsel for prior offenses. *Compare* § 577.023.1(3), RSMo Cum.Supp.2008 *with* § 577.023.1(4), RSMo Cum.Supp.2009.

■ Furthermore, Missouri courts have found "[i]t would be redundant and would serve no further purpose in protecting a defendant's rights for the legislature to require the state to prove that the defendant was represented by or waived representation of counsel when prior convictions for state law offenses are used to enhance driving while [intoxicated] [6] to a felony." [7] *Moore v. State*, 318 S.W.3d 726, 734–35 (Mo.App. E.D.2010).

Additionally, our supreme court interpreted *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), [8] as recognizing "that an otherwise constitutional conviction, whether municipal or state, may properly be used to enhance a later conviction." *Pike*, 162 S.W.3d at 472. In *Nichols*, the defendant objected to the enhancement of his federal drug conviction based, in part, on an uncounselled municipal DWI conviction. Citing to *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the United States Supreme Court recognized a defendant did not have the constitutional right to counsel in a misdemeanor case, unless incarceration was actually imposed as a sentence. *Nichols*, 511 U.S. at 743, 114 S.Ct. 1921. Under *Scott*, Nichols' municipal DWI conviction was constitutional because Nichols was not sentenced to prison. *Id.* The Court upheld enhancement of Nichols' sentence, based partly on the prior uncounselled municipal conviction. *Id.*

■ Here, Lemons does not allege that any of his convictions were unconstitutional, nor is there any evidence to support this proposition. Rather, Lemons asserts only that the State did not prove he had counsel or waived that right in the prior offenses, and claims that this was an essential fact the State was required to prove. Lemons has not cited a case that truly imposes such a heavy burden on the use of prior convictions for purposes of sentence enhancement. Under *Nichols*, section 577.023 does not violate a defendant's due process rights by allowing a penalty enhancement based on a prior constitutional state or municipal conviction. *See Pike*, 162 S.W.3d at 470–72. Thus, we do not find section 577.023 requires the State to prove Lemons received representation or waived this right in prior offenses; any otherwise constitutional con-

6. This case involved the offense of driving while revoked; however, the analysis also applies to DWI enhancement provisions.

7. This is because Missouri law ensures that a defendant who faces imprisonment have the assistance of counsel if the defendant desires such assistance. *See* Mo Const. art. I, § 18(a); Missouri Court Rule 31.02(a) (2011). A written waiver of the right to counsel is required in all cases where the defendant chooses to waive such a right if a jail sentence or confinement is possible. § 600.051, RSMo 2000. Under state law, sentences for DWI offenses range in degree from a class B misdemeanor to a class D felony; all degrees permit a jail sentence. §§ 577.010, RSMo 2000 and 577.023, RSMo 2000.

8. Lemons primarily relies on this Court's 1984 decision in *State v. Wilson*, 684 S.W.2d 544, 545–46 (Mo.App. S.D.1984), which held a conviction in a proceeding in which a defendant did not have or waive counsel cannot be used to enhance punishment upon a subsequent conviction when imprisonment is to be imposed, and that the assistance of counsel or waiver of counsel cannot be presumed from a silent record. This holding, however, relied on the United States Supreme Court splintered decision in *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), which has subsequently been overruled by *Nichols*.

viction, municipal or state, may be used to enhance a later conviction.

Here, Lemons' Driver Record, which plainly listed three intoxication-related traffic convictions, established that the defendant pleaded guilty to or was found guilty of those offenses. *See Collins*, 328 S.W.3d at 708 n. 4.[9] Again, Lemons' argument fails because he has not alleged, here or at trial, that his prior convictions were unconstitutional. Specifically, Lemons only alleged the State did not *prove* he received representation or waived his right to counsel in the underlying offenses; not that in those offenses he was unrepresented or waived his right to counsel. Because Lemons has made no allegation of any constitutional violation, we do not find an evident, obvious and clear error. As to the three Missouri convictions, there was sufficient evidence to establish Lemons had pleaded guilty to or had been found guilty of three intoxication-related traffic offenses. Point denied.

### Conclusion

Because this Court finds the evidence failed to prove Lemons' alleged Arkansas conviction, Lemons' sentence as a chronic offender cannot stand. We remand for resentencing as an aggravated offender based on the three prior Missouri convictions. *Collins*, 328 S.W.3d at 710.

BARNEY, and SCOTT, JJ., Concur.

---

**9.** At the time of the defendant's conviction in *Collins*, section 577.023, RSMo Cum.Supp. 2006 explicitly required the State to prove the defendant was represented or waived representation during the proceedings for his prior convictions to find the defendant was a chronic offender, and this case was reversed because the State failed to meet that statutory requirement. *Collins*, 328 S.W.3d at 708.