

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | )   **WD76448** |
| v. | ) |
| | )   **OPINION FILED:** |
| | )   **August 19, 2014** |
| ROBERT E. WHEELER, | ) |
| | ) |
| Appellant. | ) |

**Appeal from the Circuit Court of Caldwell County, Missouri
The Honorable R. Brent Elliott, Judge**

**Before Special Division:** Mark D. Pfeiffer, Presiding Judge,
Gary D. Witt, Judge, and Zel M. Fischer, Special Judge

Robert E. Wheeler ("Wheeler") appeals the judgment of the Circuit Court of Caldwell County, Missouri ("trial court"), sentencing him as a persistent offender under section 577.023,[1] after a jury found him guilty of driving while intoxicated ("DWI"), § 577.010. Wheeler argues in his point relied on that the trial court erred in sentencing him as a persistent DWI offender.

We affirm.

---

[1] "The version of the statute effective on the date of the DWI offense is the applicable statute." *State v. Collins*, 328 S.W.3d 705, 706 n.1 (Mo. banc 2011). Wheeler was arrested on June 8, 2012. Therefore, all statutory citations are to the Revised Statutes of Missouri 2000, as updated through the 2011 Cumulative Supplement.

## Factual and Procedural Background

Wheeler does not challenge the sufficiency of the evidence to prove that he was guilty of DWI. Nor does he claim that he was not properly charged as a persistent DWI offender. Rather, he challenges whether the trial court actually found him to be a persistent DWI offender and the sufficiency of the evidence to prove his persistent DWI offender status. Therefore, only the facts dispositive to the issue on appeal will be discussed.

On June 8, 2012, Wheeler was arrested for DWI. Subsequently, the State charged him with DWI as a persistent offender, an enhanced class D felony, under sections 577.010 and 577.023. The State alleged that Wheeler "had pleaded guilty to, been found guilty of, or was convicted of driving while intoxicated" in the State of Florida: on April 29, 2009, for events occurring on or about February 16, 2009; and on October 30, 1990, for events occurring on or about April 30, 1990.

At a hearing on the morning of trial, prior to the seating of the venire panel, the State offered into evidence ***without objection*** Exhibits 8 and 9,[2] as evidence of prior DWIs for the purpose of enhancing the crime to a D felony,[3] and Exhibit 10, as evidence of a prior felony for sentencing purposes:

> [Prosecutor]:  We have the prior DWIs that enhance it to a ***D felony***.

---

[2] The first page of State's Exhibit 9 is an Exemplification Certification. The certification, signed by a judge of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, recites, among other things, that the court clerk's certification and attestation are "in due form" and "full faith and credit are due and ought to be given to all of the official acts of said Clerk, as well in courts of judicature as elsewhere." Beneath the judge's certification is the certification signed by the clerk. Attached to the Exemplification Certification are documents reflecting driving under the influence of alcohol convictions on April 29, 2009, and October 30, 1990, for offenses that occurred on February 16, 2009, and April 30, 1990, respectively.

[3] The procedure for determining persistent DWI offender status in section 577.023.7 is identical to the procedure for finding a defendant's prior and persistent felony offender status in section 558.021.1. *Treviño v. State*, 206 S.W.3d 356, 359 (Mo. App. S.D. 2006). Because the language of the two statutes is "virtually identical," appellate courts have applied section 558.021 case law to section 577.023 cases. *Id.* at 359-60 (quoting *State v. Sparks*, 916 S.W.2d 234, 238 (Mo. App. E.D. 1995)).

The Court:     Okay.  All right.  ***Does the defense have any objection to the introduction of those exhibits?***

[Defense Counsel]:     ***No, Your Honor.***

The Court:     All right.  And those were 8, 9, and 10?

[Prosecutor]:  Yes, Judge.

The Court:     All right.  State's Exhibits 8, 9, and 10 are admitted into evidence.

(Emphasis added.)   The following colloquy between defense counsel, the prosecutor, and the trial court then took place:

The Court:     And I take it, then, ***the defense is stipulating he is a prior offender for purposes of judge sentencing?***

[Defense Counsel]:     Yes, Your Honor.

The Court:     Okay.  And it would be to a ***Class D felony***; is that correct?

[Prosecutor]:  That's correct.

The Court:     And what's the range of punishment on that, Counsel?

[Prosecutor]:  It is ***one to four years*** in the Missouri Department of Corrections[4] or up to one year in the county jail.

The Court:     Okay.  All right.  And I believe there could be a fine associated with that.  Is that your understanding, Mr. Wheeler?

Mr. Wheeler:  Yes, sir.

The Court:     Okay.  You've been through all that with your attorney?

Mr. Wheeler:  Yes.

The Court:     Okay.  All right.

---

[4] As Wheeler's point on appeal suggests, if the trial court was only considering one prior DWI offense for sentencing purposes, the maximum sentence would have been one year in jail.  Yet, this colloquy reflects admissions to facts and a corresponding understanding by all parties that the trial court would have a maximum sentencing range of up to four years in the Department of Corrections if Wheeler was convicted of the present offense.

(Emphasis added.) The trial court then inquired of Wheeler whether the two prior convictions submitted by the State were accurate:

> The Court: And you're satisfied that this—*these convictions they've submitted are accurate?*
>
> . . . .
>
> In other words, that you were the individual referred to therein?
>
> Mr. Wheeler: *Yes, sir.*

(Emphasis added.)

After a jury trial, Wheeler was found guilty of DWI. The trial court sentenced him as a persistent DWI offender to four years imprisonment, stating in the judgment: "Court pronounces sentence as follows: DWI Class D Felony Sentence 4 years MDOC." Wheeler's motion for new trial, which was overruled by the trial court, asserted that the trial court erred in finding that he was a persistent DWI offender.[5] Wheeler appeals.

## Standard of Review

"'It is the State's burden to prove prior intoxication-related traffic offenses beyond a reasonable doubt.'" *State v. Lemons*, 351 S.W.3d 27, 30 (Mo. App. S.D. 2011) (quoting *State v. Craig*, 287 S.W.3d 676, 681 (Mo. banc 2009)); § 577.023.7(2). On appeal, we determine whether substantial evidence was adduced to support the trial court's finding. *Id.* (citing *State v. Pike*, 162 S.W.3d 464, 469 n.4 (Mo. banc 2005)). "'In determining whether there is sufficient evidence to support the conviction, this court accepts as true all evidence tending to prove guilt

---

[5] Wheeler did not, however, argue that the trial court's persistent offender finding was untimely or procedurally deficient in any other fashion. Thus, Wheeler's attempt to inject the issue of timeliness of the trial court's persistent offender status finding for the first time on appeal in the argument section of his appellate brief is, itself, untimely and improperly asserts an issue not preserved for appeal. *See* Rule 29.11(d) ("In jury-tried cases, allegations of error to be preserved for appellate review must be included in a motion for new trial . . . .").

4

together with all reasonable inferences that support the finding.'" *Id.* (quoting *Craig*, 287 S.W.3d at 681).

## Analysis

In his sole point on appeal, Wheeler argues that the trial court erred in sentencing him as a persistent DWI offender,

> in that the trial court did not find that [Wheeler] was a persistent DWI offender, and State's Exhibit No. 9 does not show on its face a valid judgment of guilt or a plea of guilty for an intoxication-related traffic offense, so [Wheeler] was sentenced in excess of the maximum sentence authorized by law when he was sentenced to four years in prison because the most he could have received without a second prior intoxication-related offense was one year in jail.

A persistent DWI offender, is "[a] person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses[.]" § 577.023.1(5)(a). An "intoxication-related traffic offense" includes "driving while intoxicated . . . or driving under the influence of alcohol or drugs." § 577.023.1(4). Any person who pleads guilty to or is found guilty of driving while intoxicated, § 577.010, who is alleged and proved to be a persistent offender is guilty of a class D felony. § 577.023.3. The maximum authorized term of imprisonment for a persistent offender charged with a class D felony is four years. § 558.011.1(4).

As to that which is necessary to support persistent offender status sentencing by the trial court,

> The law is well settled that to sentence under [section] 577.023, the trial court is not required to make express findings of fact supporting a finding that the defendant is a prior or persistent offender, *State v. Boyd*, 927 S.W.2d 385, 390 (Mo. App. [W.D.] 1996), or make an express finding that the defendant is such an offender, where the court effectively finds the defendant to be a prior or persistent offender, *State v. Sparks*, 916 S.W.2d 234, 238 (Mo. App. [E.D.] 1995).

*State v. Gibson*, 122 S.W.3d 121, 125 (Mo. App. W.D. 2003). "Where sufficient evidence is adduced to support the finding that a defendant is a persistent offender, the lack of a specific finding to that effect by the trial court is 'only a procedural deficiency.'" *State v. Rose*, 169 S.W.3d 132, 136 (Mo. App. E.D. 2005) (quoting *Sparks*, 916 S.W.2d at 238 and *Boyd*, 927 S.W.2d at 390). "The court may use a variety of methods used by trial courts to find prior and persistent offender status." *Treviño v. State*, 206 S.W.3d 356, 360-61 (Mo. App. S.D. 2006) (citing *Gibson*, 122 S.W.3d at 125 (concluding that appellant was found to be a persistent offender and was sentenced accordingly by the trial court when the amended information charged appellant with DWI as a persistent offender and his sentence of imprisonment of five years was reserved for persistent DWI offenders); *State v. Coomer*, 976 S.W.2d 605, 606 (Mo. App. E.D. 1998) (holding that defendant's admission of previous DWI convictions coupled with the court checking the appropriate boxes on the sentence and judgment form amounted to a sufficient finding by the court of the defendant's prior and persistent offender status); *Sparks*, 916 S.W.2d at 238 (holding that because the trial court found defendant guilty of a class D felony DWI, which is reserved for persistent offenders only, the trial court, in effect, found the defendant to be a persistent offender)).

Here, Wheeler was charged as a persistent offender, class D felony, and upon his DWI conviction by the jury, was sentenced to four years imprisonment for committing a class D felony, an enhanced sentence reserved for persistent offenders. Thus, the trial court effectively found that Wheeler was a persistent offender and sentenced him accordingly, as it was authorized to do.

As to Wheeler's suggestion that no substantial evidence supported such a persistent offender status finding by the trial court, Wheeler ignores his ***admission*** to facts supporting such

6

a finding. "The defendant may waive proof of the facts alleged." § 577.023.11. The record clearly reflects that Wheeler admitted at the pre-trial persistent offender status hearing that the prior convictions submitted by the State were accurate and that he was the person referred to therein. Wheeler's admission "relieve[d] the State of the burden of proving all of the matters that ordinarily would be necessary to establish the prior conviction." *State v. Johnson*, 837 S.W.2d 39, 41 (Mo. App. W.D. 1992). "A judicial admission basically waives or dispenses with the production of evidence and concedes for the purpose of the litigation that a certain proposition is true . . . and is conclusive on the party making it." *Id.* (internal quotation omitted). In this case, Wheeler made a judicial admission of his prior intoxication-related convictions and thereby waived his right to object to the trial court's consideration of such convictions. *Id.*

Furthermore, when the State offered Exhibit No. 9 into evidence for the purpose of enhancement and again after Wheeler admitted that the convictions were accurate, defense counsel affirmatively stated that she had no objections to the admission of Exhibit No. 9. "[O]bjections to the sufficiency of proof in connection with prior offenses may be waived by the admissions of a defendant or his attorney." *State v. Schnelle*, 398 S.W.3d 37, 47 (Mo. App. W.D. 2013) (quoting *Johnson*, 837 S.W.2d at 41). And, though Wheeler's counsel challenges the content of Exhibit No. 9 as proving beyond a reasonable doubt that Wheeler was convicted of one of the two prior DWI offenses, this challenge to the evidence is in the context of Wheeler previously **admitting** to the trial court that he was the individual referenced in Exhibit No. 9 that was the subject of two—not one—prior DWI **convictions**.[6]

---

[6] Finally, even were we to ignore Wheeler's admissions as to the substance of Exhibit 9, the information contained in Exhibit 9 plainly references that Wheeler was convicted in the Palm Beach County Court of DUI on April 29, 2009, for an offense that occurred on February 16, 2009; and with respect to the 1990 conviction of which Wheeler complains, Exhibit 9 contained information reflecting that Wheeler was charged with DUI in the Palm Beach County Court under Florida criminal code section 316.193(3)(A), Wheeler pled *nolo contendere*, and he was found guilty on October 30, 1990, for an offense that occurred on April 30, 1990. "Our Supreme Court recently found that a driving record that 'plainly listed […] prior convictions' established defendant pleaded guilty to or was

Wheeler's claim of error is without merit and his point relied on is denied.

**Conclusion**

The trial court's judgment is affirmed.

_(signature)_

_____
Mark D. Pfeiffer, Presiding Judge

Gary D. Witt, Judge, and Zel M. Fischer, Special Judge, concur.

---

found guilty of those offenses." *State v. Lemons*, 351 S.W.3d 27, 31 (Mo. App. S.D. 2011) (quoting *State v. Collins*, 328 S.W.3d 705, 708 n.4. (Mo. banc 2011)). In *Lemons,* the court talked about the sort of "minimal information" that was necessary to prove the prior offense and focused upon an identification of the court in which the prior conviction occurred. *Id.* Here, apart from identifying the court in which the 1990 conviction occurred, the certified driver record also cited the specific criminal code section that Wheeler was charged under, the date Wheeler was alleged to have committed the 1990 DUI offense with which he was charged, Wheeler's plea to the criminal charge, and the date upon which Wheeler was found guilty. The information from Exhibit 9 certainly qualifies as more than "minimal information" about both the 2009 and 1990 DUI convictions; it constitutes a "plain listing" of Wheeler's prior convictions, and the evidence within Exhibit 9 was *in addition to* Wheeler's *admissions* regarding the two previous DWI convictions. Wheeler attempts to cast doubt on the specificity of information provided by Exhibit 9 but improperly ignores our standard of review in doing so. Plainly and simply, Exhibit 9 constituted substantial evidence of Wheeler's two previous convictions for a DWI offense.