

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD37685
)
STEVEN W. MARRS, ) **Filed:  March 12, 2024**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown

(*Burrell, J., Goodman, J., and Growcock, J.*)

**<u>AFFIRMED</u>**

PER CURIAM.  The State charged Steven W. Marrs ("Defendant") with committing the class-B felony of driving while intoxicated ("DWI") on or about August 1, 2018, and in 2021, a jury found him guilty of that offense.  Under section 577.010.2(1), DWI is a class-B misdemeanor.[1]  But if the State proves to the circuit court that the defendant has been found guilty of five-or-more intoxication-related traffic offenses ("IRTOs") committed on separate occasions, *see* section 577.001(11)(a), the

---

[1] Unless otherwise indicated, all statutory citations are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

1

defendant is classified as a habitual DWI offender and the DWI offense is enhanced to a class-B felony under section 577.010.2(6)(a).[2]

In a single point on appeal, Defendant contends the circuit court erred in finding Defendant to be a habitual DWI offender because "there was insufficient evidence to prove beyond a reasonable doubt" that the State's alleged Utah-based IRTO constituted an offense in Missouri. In support of that claim, Defendant alleges there were no facts of the Utah crime adduced in the State's exhibit, and Utah law deviates from Missouri law in allowing a conviction for driving under the influence for merely being in "actual physical control" of a vehicle. Assuming, without deciding, that the Utah conviction did not qualify as an IRTO, no prejudice resulted as the State's unchallenged exhibits were sufficient to support the circuit court's finding that Defendant was a habitual DWI offender.

**Analysis**

Before the case was submitted to the jury, the State offered seven exhibits to prove that Defendant had seven IRTOs. The exhibits included certified copies of Defendant's prior Missouri convictions in 1998 and 2004, docket sheets evidencing Missouri DWI convictions in 1991, 2001, and 1998, and Defendant's Missouri driving record that included a microfilm reproduction of a "Case Data Sheet" with the date of the alleged Utah offense in 1983, along with an entry titled "Report of Inquiry Searched – National Driver Register[.]"

Based upon those exhibits, the circuit court found, beyond a reasonable doubt, that Defendant was a habitual DWI offender. Defendant did not object to that finding,

---

[2] As relevant to this case, section 577.001(11)(a) defines "Habitual offender" as "a person who has been found guilty of . . . [f]ive or more intoxication-related traffic offenses committed on separate occasions[.]"

2

and after the jury found Defendant guilty of DWI, the circuit court sentenced Defendant as a habitual DWI offender to 18 years imprisonment to run concurrently with any other sentences that Defendant might have incurred.

Defendant acknowledges the unchallenged proof of the other six IRTOs, and he admits that the circuit court "is not required to make express findings of fact in designating a defendant a habitual offender[,]" but he nonetheless argues that the record does not firmly establish *which* exhibits the circuit court relied on in making its finding. That argument is of no avail.

The circuit court was not required to specifically articulate which prior convictions constituted the five IRTOs needed to find Defendant a habitual DWI offender under sections 577.001(11)(a) and 577.023, and the absence of such articulation does not affect the validity of the judgment. *See* **State v. Wheeler**, 439 S.W.3d 241, 244-45 (Mo. App. W.D. 2014) (noting that even when the circuit court failed to expressly find that Defendant was a persistent offender, the lack of such a specific finding did not affect the judgment where sufficient evidence existed to support the conviction).

We review the ruling of the circuit court "for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." **State v. Middleton***,* 995 S.W.2d 443, 452 (Mo. banc 1999) (quoting **State v. Morrow**, 968 S.W.2d 100, 106 (Mo. banc 1998)). No such deprivation occurred here.[3] Defendant's point fails, and the judgment of the circuit court is affirmed.

---

[3] Because the alleged error could not have affected the outcome, we need not address the State's assertion that Defendant's point could only be reviewed for plain error because: (1) Defendant's claim challenges only the validity of the prior convictions used to enhance his sentence instead of challenging the sufficiency of the evidence to support the State's proof of the elements of DWI; and (2) Defendant did not object to the circuit court's habitual offender finding at trial and did not raise the issue in a motion for new trial as required by Rule 29.11(d), Missouri Court Rules (2022).