**Hiawatha NASH, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55878.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 15, 1989.

Michael D. Burton, St. Louis, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant, Hiawatha Nash, is serving two concurrent ten year sentences after guilty pleas to two counts of stealing over $150 in violation of § 570.030 RSMo 1986, a class "C" felony. Movant was sentenced as a prior and persistent offender. Movant filed a Rule 24.035 motion, seeking to set aside sentencing as a prior and persistent offender. He claims there was no evidence presented at the plea hearing to establish he was a prior and persistent offender. The motion court denied movant's claim without an evidentiary hearing. We find there was no evidence presented at the plea hearing to support a finding movant was a prior and persistent offender.

Our review of the denial of movant's motion is limited to a determination of

whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). The motion court's decision is clearly erroneous only if, upon a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Day,* 770 S.W.2d at 695–96.

A review of the record shows there was no evidence presented at the guilty plea hearing to establish movant is a prior and persistent offender. To sentence a defendant as a prior or persistent offender, evidence must be introduced to establish facts which warrant a finding that defendant is a prior or persistent offender. Section 558.021.1(2) RSMo 1986; *State v. Finch,* 746 S.W.2d 607, 611 (Mo.App.1988). Generally, in a plea hearing, status as a prior or persistent offender may be proven by stipulation, by introducing judgments and sentences of defendant, or by questioning defendant about prior convictions. *See, e.g., Knight v. State,* 760 S.W.2d 559, 561–63 (Mo.App.1988); *Stinson v. State,* 749 S.W.2d 9, 10 (Mo.App.1988).

Here, the only reference at the plea hearing regarding movant's prior convictions was the following *statement* made by the prosecutor:

> Mr. Draper: These are both Class C felonies, your Honor. Normally, the defendant would face seven years confinement and/or a $5,000.00 fine as to each. However, the defendant is pled as a prior and persistent offender. The defendant would face an enhanced punishment of 15 years on each count and/or a $5,000.00 fine, and the defendant could get a maximum of 30 years and/or a $10,000.00 fine.

There was no other reference to any prior convictions of movant. Movant was not asked whether he had any prior convictions. The state did not introduce evidence of any prior judgements and sentences of movant. There was no stipulation. Without evidence of prior convictions, the court cannot sentence a defendant as a prior and persistent offender. Prior convictions are pleaded facts which must be proven. The plea of guilty to two stealing charges was not sufficient where the priors were neither admitted or proven.

The court sentenced movant to ten years on each count. If movant were not sentenced as a prior or persistent offender, the maximum sentence would have been seven years on each count. Section 558.011 RSMo 1986. The fact movant was aware of the state's recommendation that he be sentenced to ten years for each offense did not relieve the state from the requirement of proof of prior convictions. *Eakins v. State,* 734 S.W.2d 290, 292–93 (Mo.App. 1987). We remand for a hearing on the issue of whether movant is a persistent offender. The court is free to resentence in accord with the findings and the appropriate sentencing statute. *See, Tate v. State,* 752 S.W.2d 393, 394 (Mo.App.1988).

PUDLOWSKI, P.J., and CRANDALL, J., concur.