**Joelinda PETTY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 59899.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 19, 1991.

Application to Transfer Denied
Jan. 28, 1992.

David Bruns, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Joelinda Petty, appeals the denial of her Rule 24.035 motion without an evidentiary hearing. We affirm.

On June 8, 1990, appellant pled guilty to the charge of illegal sale of 0.05 grams of cocaine. The record reflects that appellant is a prior and persistent offender, who risked a lengthy prison term if her case went to trial. Therefore, appellant entered a plea of guilty in exchange for a fifteen-year sentence. The court examined appellant thoroughly regarding the voluntariness of her plea, as well as her understanding of it. After this hearing, the court accepted appellant's guilty plea.

On October 12, 1990, appellant timely filed a motion for post-conviction relief under Rule 24.035. This *pro se* motion alleged ineffective assistance of counsel for failure to investigate appellant's case, and abandonment by counsel of appellant's post-conviction relief cause. The special public defender was appointed to represent appellant on October 15, 1990, and was granted, by extension, until December 14, 1990, to file an amended motion. An unverified amended motion was untimely filed on December 21, 1990, along with a motion for an evidentiary hearing. On December 31, 1990, the trial court issued its findings of fact and conclusions of law denying appellant relief. This appeal followed.

■ This court's review of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989); Rule 24.035(j). The ruling of the motion court is clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990).

■ Appellant's first point on appeal is that the record does not clearly refute the allegations of ineffective counsel contained in appellant's *pro se* motion. After a thorough review of the plea hearing transcript, we conclude that it does.

Specifically, appellant alleges her trial counsel failed to investigate her case, including one witness, a Ms. Kimberly Damous, whose testimony would have supposedly exonerated the appellant. The plea transcript provided in relevant part:

Q [By the Court] Have you thoroughly discussed your case with your attorney?

A [By the appellant] Yes.

Q Did she tell you to tell the truth today?

A Yes.

Q Did she tell you in any way to lie to me so that I would take your plea of guilty, accept it?

A No.

Q Have you gone over all the facts and circumstances as it relates to this charge with your lawyer?

A Yes.

Q Did you give her the names of any witnesses that you thought might help out in your defense, or were there none?

A No.

Q You didn't give her any names?

A No.

Q Are you satisfied with your lawyer's investigation of your case?

A Yes.

Q Are you satisfied with the amount of time she has spent with you? '

A Yes.

Q Are you satisfied with her legal services?

A Yes.

Q Has she failed or refused to do anything that you've asked her to do?

A No.

In view of the above testimony, we find that the record amply refutes appellant's claim. Point denied.

Appellant next alleges that the court erred by not appointing new counsel to timely amend appellant's motion for a hearing. Appellant urges this court that, because her cause was abandoned by counsel, her case should be remanded for a hearing. We disagree.

Remand is not appropriate in cases where the appellant has not been prejudiced. *Backues v. State*, 794 S.W.2d 342, 343 (Mo.App., E.D.1990). We believe appellant has not been prejudiced. It appears from the record that the motion court considered appellant's amended motion, despite its untimeliness. In its findings of fact and conclusions of law, the trial court states:

> Although Movant's amended motion was filed out of time, the Court concludes that Movant has been provided an opportunity to fully and fairly litigate her claims for post-conviction relief. The Court has reviewed the amended motion and finds that any error on the part of Movant's counsel in filing her amended motion out of time was nonprejudicial in that no new claims for relief were asserted.

Since the motion court considered the content of appellant's amended motion, we fail to see how any prejudice could have resulted. Point denied.

We find no merit in either of appellant's points on appeal; therefore, we affirm the ruling of the motion court.

REINHARD, P.J., and CRANE, J., concur.