Jim DUDLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 66904.

Missouri Court of Appeals,
Eastern District,
Division One.

July 25, 1995.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Jim Dudley ("movant"), appeals from the denial of his Rule 24.035 motion challenging his sentence as a prior and persistent offender. We vacate movant's sentence and remand to the circuit court for resentencing, with directions that the state be given an opportunity to introduce evidence of movant's status as a prior and persistent offender.

On May 14, 1985, the state filed an information for Case No. CR585–225FX, charging movant with one count of unlawful possession of a concealable firearm, a class C felony, RSMo § 571.070 [1] (count I); two counts of unlawful use of a weapon, both class D felonies, RSMo §§ 571.030.1(1) and 571.030.1(4) (counts II and III); and one count of possession of a defaced firearm, a class B misdemeanor, RSMo § 571.050 (count IV). The information also listed four prior felonies and the date of movant's guilty plea for each. Movant was charged as a persistent offender, subject to the extended imprisonment terms of RSMo § 558.016.[2] The maximum extended prison term for persistent offenders is fifteen years on a class C felony and ten years on a class D felony.[3]

On January 12, 1987, movant pleaded guilty to the charges listed in CR585–225FX. Upon the prosecutor's recommendation, the court sentenced movant to fifteen years on count I, ten years each on counts II and III, and six months on count IV, to run concurrently with each other and with a fifteen-year sentence he was then serving in Illinois—a total sentence of fifteen years.[4]

After his delivery to the Missouri Department of Corrections in 1992, movant filed *pro se* and amended Rule 24.035 motions alleging, *inter alia*, that his sentence was in excess of the maximum sentence authorized by

---

1. All statutory references are to RSMo1986, unless otherwise indicated.

2. A "persistent offender" has pleaded guilty to or been found guilty of two or more felonies committed at different times. RSMo § 558.016.3.

3. RSMo § 558.016 has since been amended to provide a maximum extended term of twenty years for class C felonies. RSMo § 558.016.7(3) (1994).

4. The court also sentenced movant to five years for an unrelated class D felony, to run consecutively to the fifteen-year term imposed for CR585–225FX. Thus, movant received an aggregate term of twenty years, pursuant to a plea agreement he had entered into with the state prior to the hearing.

law. An evidentiary hearing was held February 14, 1994. At the hearing, movant contended he was improperly sentenced, as the state did not meet the requirements set out in RSMo § 558.021.1(2) and (3) for imposing an enhanced sentence.[5] The court took the matter under advisement.

On March 22, 1994, the court reopened the case for the submission of additional evidence, allowing the state thirty days to submit evidence relating to movant's prior felony convictions. On June 10, the state filed certified copies of the judgments, sentences, and docket sheets for the four prior felonies listed in the information. On August 19, the court entered an order denying movant's Rule 24.035 motion, stating:

> The Court finds, however, based on the evidence adduced herein and the transcript of the guilty plea, that Movant is a prior and persistent offender and was aware of his status as such at the time he entered his guilty plea on January 12, 1987.

On September 2, the court denied movant's motion under Rule 75.01 to vacate this order. This appeal followed.

On appeal, movant contends the circuit court clearly erred in denying his Rule 24.035 motion, because he was improperly sentenced under RSMo § 558.021 as a persistent offender. Movant further asserts the court improperly reopened the case to allow the state to submit additional evidence of movant's prior convictions. In response, the state concedes RSMo § 558.021 was not complied with, but argues the lack of requisite proof and findings constituted "procedural defects" only. According to the state, movant suffered no actual prejudice, as he was aware of his persistent offender status at the time of the plea hearing and was not surprised or misled by being sentenced as such.

Our review of Rule 24.035 motions is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); *Petty v. State*, 820 S.W.2d 607, 608 (Mo.App.E.D. 1991). The court's decision is clearly erroneous only if our review of the entire record leaves us with the firm and definite impression that a mistake has been made. *Id.*

We initially find the motion court improperly reopened the case to allow the state to adduce evidence of movant's status as a persistent offender.[6] The sole purpose of a post-conviction proceeding is to determine whether the criminal proceedings leading to the defendant's conviction violated any constitutional requirements, or whether the judgment is otherwise void. *Brooks v. State*, 882 S.W.2d 281, 283 (Mo.App.E.D.1994). A post-conviction motion, as a civil proceeding, Rule 24.035(a), is not the proper forum for the original determination of a criminal defendant's status as a persistent offender. This determination must be made prior to the defendant's sentencing. RSMo § 558.021.3. If the record of a plea fails to support a defendant's sentence as a persistent offender, the motion court should grant the relief available under Rule 24.035(i)[7] rather than belatedly amend the record to retroactively comply with RSMo § 558.021.

Turning to the record before the motion court at the evidentiary hearing, we find movant was improperly sentenced as a persistent offender under RSMo § 558.021.

RSMo § 558.021.1(2) requires introduction of evidence "that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, or dangerous offender." The only references at the plea hearing to movant's status as a persistent offender were paragraph 11 of

---

**5.** Movant concedes the state complied with RSMo § 558.021.1(1), which requires that the information or indictment plead "all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender; ...."

**6.** We note, however, that certified copies of prior convictions—such as those filed by the state on June 12, 1994—are admissible and sufficient for

purposes of sentence enhancement. *State v. Cooksey*, 787 S.W.2d 324, 327 (Mo.App.E.D. 1990).

**7.** Rule 24.035(i) provides that upon finding a movant's sentence to be illegal, the motion court "shall vacate and set aside the judgment and shall discharge the movant or resentence him or order a new trial or correct the judgment and sentence as appropriate."

movant's Petition for a Plea of Guilty, filed January 12, 1987, which stated in part, "ALL PUNISHMENT RANGES EXTENDED BY THE PRIOR AND PERSISTENT OFFENDER PROVISIONS[;]" and defense counsel's statement at the guilty plea hearing: "[CR585–225FX] is the only one that we have filed a prior and persistent provision under, so that would increase the punishment range potential that you have to deal with. On the C's up to fifteen, and on the D's it's up to ten. And, I have so advised [movant]." Additionally, the following colloquy took place at the hearing:

THE COURT: ... And again we have the extended term of up to ten years on any Class D Felony, and up to fifty, I believe, on any—fifteen.

[DEFENSE COUNSEL]: No, fifteen.

THE COURT: Fifteen on any Class C. Felony.

\*     \*     \*     \*     \*     \*

THE COURT: You are aware of the range of punishment, are you not? I am sure you have gone over that at length with [defense counsel]. Is that correct?

THE DEFENDANT: Yes.

THE COURT: And you know what the legal range of punishment is?

THE DEFENDANT: Yes.

The record does not show the state referred to, let alone offered and introduced into evidence, any prior convictions of movant at the plea hearing. Records of movant's alleged prior convictions were never offered or admitted into evidence, nor was the substance of such records read into the record at the plea hearing, nor did the court take judicial notice of any such records. *See State v. Hurst,* 845 S.W.2d 669, 670–671 (Mo.App. E.D.1993). Movant did not stipulate to or admit any of the prior offenses listed in the state's information, and thereby waive proof of them at the hearing pursuant to RSMo § 558.021.1(5). *See Meeks v. State,* 876 S.W.2d 755, 757 (Mo.App.E.D.1994); *State v. Johnson,* 837 S.W.2d 39, 41 (Mo.App.W.D. 1992). The court did not even question movant about his alleged prior convictions. *See Nash v. State,* 775 S.W.2d 338, 339 (Mo.App. E.D.1989). In sum, movant was sentenced as a persistent offender in the absence of any evidence of the prior convictions used to enhance his sentence.

■ We note the transcript of the plea hearing clearly shows movant was aware he was being sentenced as a persistent offender, and was aware of the range of punishment applicable to persistent offenders. Also, movant's Petition for Plea of Guilty evidences his anticipation of the enhanced sentences he was to receive. However, a defendant's awareness of the enhancement of his or her sentence does not remove the requirement that his or her prior felonies be proven. *Nash,* 775 S.W.2d at 339. "Without evidence of prior convictions, the court cannot sentence a defendant as a prior and persistent offender." *Id.*

■ The record also reveals the sentencing court failed to adhere to RSMo § 558.021.1(3), which requires a court to make "findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, or dangerous offender." Specific findings of fact are not required, provided there is evidence to support a finding that a defendant is a persistent offender and the court's finding is sufficient to show it relied on such evidence. *Hight v. State,* 841 S.W.2d 278, 282 (Mo.App.S.D.1992). In such a case, lack of specificity is a procedural deficiency only. *Boxx v. State,* 857 S.W.2d 425, 429 (Mo.App.E.D.1993).

■ Nowhere does the record in the immediate case—the plea hearing transcript, the docket sheets, the order, or the judgments and sentences—reveal any determination or entry by the circuit court that movant was a persistent offender, or findings of fact upon which such determination or entry could rest. There was simply no finding on the record. Even if there was a finding, no evidence was adduced to support such a finding. *See Eakins v. State,* 734 S.W.2d 290, 292 (Mo.App.E.D.1987). Further, whether movant suffered any actual prejudice from this failure to make a finding was beside the point. If the sentencing court makes no finding that the defendant is a persistent offender—as in the case at bar—then the

matter has not been adjudicated and the enhanced sentence cannot be imposed. *Scharnhorst v. State*, 775 S.W.2d 241, 245 (Mo.App.W.D.1989). Due process forbids extension of punishment beyond the term otherwise imposable by law for the particular offense, unless and until the basis for enhancing the sentence has been separately adjudged. *Id.* at 247.[8]

No evidence was introduced by the state establishing beyond a reasonable doubt movant was a persistent offender, nor were any findings of fact entered by the court supporting a finding he was a persistent offender. Movant was therefore improperly sentenced as a persistent offender, and the motion court clearly erred in denying his Rule 24.035 motion. Movant's sentence is vacated and cause remanded for resentencing. On remand, the state is to be allowed an opportunity to present whatever evidence it has of movant's status as a persistent offender.[9]

REINHARD, P.J., and CRAHAN, J., concur.

D.K.B., Plaintiff–Appellant,

v.

---

**8.** The cases cited by the state to support its argument that movant was not prejudiced by the court's failure to adhere to RSMo § 558.021.1 are inapposite. Those cases all involved jury trials rather than guilty pleas, in which the trial court found the defendant to be a prior and/or persistent offender after, rather than before, the case had been submitted to the jury, in violation of RSMo § 558.021.2. However, the defendant in each of those cases was proven and found to be a prior and/or persistent offender—albeit tardily—and no actual prejudice to the defendant was shown. Accordingly, the failure to timely prove and find the defendant's prior and/or persistent offender status was deemed a procedural irregularity only. *See State v. Kilgore*, 771 S.W.2d 57, 64 (Mo. banc 1989); *State v. Jennings*, 815 S.W.2d 434, 446–445 (Mo.App.E.D. 1991); *State v. Tincher*, 797 S.W.2d 794, 797–798 (Mo.App.S.D.1990); *State v. Jones*, 703 S.W.2d

41, 43 (Mo.App.S.D.1985); *State v. Wynn*, 666 S.W.2d 862, 864–865 (Mo.App.E.D.1984). Here, there was *no* proof nor finding of movant's persistent offender status prior to his being sentenced as such.

**9.** Although he did not raise the issue on appeal, movant argued at the evidentiary hearing that double jeopardy barred the motion court from remanding for the purpose of receiving evidence on movant's status as a persistent offender. However, the Missouri Supreme Court recently ruled double jeopardy does not apply to noncapital proceedings for the assessment of punishment, and does not bar the state from presenting evidence at resentencing to establish that a defendant is a persistent offender. *State v. Cobb*, 875 S.W.2d 533, 537 (Mo. banc 1994).