**Donald MATTHEWS, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 82156.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 23, 2003.

S. Kristina Starke, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Leslie McNamara, Jefferson City, MO, for respondent.

WILLIAM H. CRANDALL, JR., Judge.

Movant, Donald Matthews, appeals from the judgment denying his Rule 24.035 motion after an evidentiary hearing. We vacate the sentence and remand for resentencing.

Movant was indicted for committing the class C felony of stealing, third offense. The indictment alleged that on January 31, 2000, movant appropriated thirteen t-shirts from a hotel. The indictment further states that on May 3, 1999, movant had pleaded guilty to stealing in two separate

cases, both class A misdemeanors.[1] The indictment also alleged that movant was a prior and persistent offender because he had pleaded guilty to, been found guilty of, or been convicted of two or more felonies committed at different times. The indictment then stated that movant had pleaded guilty to four felonies; criminal possession of a weapon, promoting prostitution third degree, stealing third offense, and burglary in the second degree. The dates of his pleas were stated as February 14, 1996, April 29, 1987, September 12, 1985 and February 2, 1984. The indictment also stated that on March 26, 1987, movant was found guilty of stealing, third offense.

At the plea hearing, the prosecutor asserted that the state would prove beyond a reasonable doubt that on January 31, 2000, movant stole thirteen t-shirts and that on May 3, 1999, movant pleaded guilty to two counts of stealing. Movant agreed with the prosecutor's assertions. The prosecutor did not discuss the felonies set forth in the indictment. The trial court did ask movant "you have numerous prior felony convictions, don't you think?" Movant answered affirmatively. Movant also stated that he understood when the court explained that his plea was "pursuant to the prior and persistent offender status wherein the court will have an expanded range of punishment." The court found that there was a factual basis for the plea and that movant was a prior and persistent offender. At a subsequent hearing, the court sentenced movant to fifteen years' imprisonment, suspended execution of sentence and placed movant on probation for two years. Approximately two and half months later, the trial court revoked movant's probation and ordered him to serve fifteen years' imprisonment.

Movant filed a pro se Rule 24.035 motion for post-conviction relief. The trial court appointed counsel and an amended Rule 24.035 motion was filed. Movant alleged among other things that the trial court erred in sentencing him as a persistent offender because the state failed to prove beyond a reasonable doubt that he was convicted of two or more felonies committed at different times. At the evidentiary hearing, movant testified that he had pleaded guilty to three of the felonies set forth in the indictment. Movant also admitted that he had pleaded guilty to other crimes. The trial court denied movant's motion finding in part that movant was not charged or deemed a persistent offender by using the two misdemeanor stealing convictions that were used for the stealing, third offense conviction. The court also found that the state "set forth in the indictment and at the plea multiple felonies of which movant had been convicted." Movant appeals, raising two points.

Appellate review of the denial of a Rule 24.035 motion is limited to determining whether the trial court's findings and conclusions are clearly erroneous. Rule 24.035(k).

Movant argues in his first point that the fifteen-year sentence exceeds the maximum authorized by law and that the court denied him due process by sentencing him as a persistent offender.[2] Movant asserts that the prosecutor presented the facts of the charged crime and his prior misde-

---

1. "Every person who has previously pled guilty or been found guilty on two separate occasions of stealing, and who subsequently pleads guilty or is found guilty of stealing is guilty of a class C felony and shall be punished accordingly." Section 570.040 RSMo. 2000.

2. In his second point, movant argues that his trial counsel rendered ineffective assistance by failing to advise him his fifteen year sentence was unlawful for the reasons set out in his first point.

meanor convictions for stealing but never introduced evidence of his prior felony convictions.

A persistent offender is a person "who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.016.3 RSMo. 2000.[3] Under section 558.021.1, the court shall find a defendant to be a persistent offender if: (1) the indictment or information, original or amended, or the information in lieu of indictment pleads all essential facts warranting a finding that the defendant is a persistent offender; (2) evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a persistent offender; and (3) the court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a persistent offender.

■ At the plea hearing, the prosecutor set forth movant's misdemeanor convictions for stealing but never discussed movant's felony convictions set forth in the indictment. Movant never admitted or stipulated that he pleaded guilty to these felonies. Records of movant's alleged prior convictions were not admitted into evidence nor were the substance of such records read into the record. At one point, movant did admit that he had numerous prior felony convictions. But this admission does not establish that his prior felony convictions were those set forth in the indictment. *Vickers v. State,* 956 S.W.2d 405, 406–07 (Mo.App. S.D.1997); *State v. Lowery,* 926 S.W.2d 712, 713 (Mo.App. E.D.1996); *State v. Martin,* 882 S.W.2d 768, 771 (Mo.App. E.D.1994). The proof of prior convictions shall conform with those

set forth in the indictment or information. *Id.* In addition, although movant's admission is sufficient to show that movant had two or more felony convictions, movant's admission does not establish beyond a reasonable doubt that the felonies were committed at different times.

■ Movant also acknowledged during the plea hearing that he was being sentenced as a persistent offender and was subject to an expanded range of punishment. However, movant's awareness of the potential enhancement of his sentence does not remove the requirement that his prior felonies be proven. *Dudley v. State,* 903 S.W.2d 263, 266 (Mo.App. E.D.1995). Without evidence of prior convictions, the trial court cannot sentence a defendant as a persistent offender. *Id.*

■ Movant admitted during the evidentiary hearing on his Rule 24.035 motion that he had pleaded guilty to three of the felonies set forth in the indictment. But the court could not rely on movant's testimony given after his sentencing at the Rule 24.035 hearing as evidence of his persistent offender status. *Id.* at 265. "In a trial without a jury or upon a plea of guilty, the court may defer the proof and findings of such facts to a later time, but prior to sentencing." Section 558.021.3.

■ The trial court improperly sentenced movant as a persistent offender and clearly erred in denying his Rule 24.035 motion. *Id.* at 267. Furthermore, movant was prejudiced because the trial court sentenced him as a persistent offender to an extended term of imprisonment.[4] *See Nash v. State,* 775 S.W.2d 338, 339 (Mo. App.1989). Movant's sentence is vacated and the cause remanded for resentencing.

---

**3.** All statutory references are to RSMo. 2000.

**4.** The authorized term for a class C felony is a term not to exceed seven years but for a

persistent offender the authorized maximum term for a class C felony is twenty years. Sections 558.011.1(3) and 558.016.7(3).

On remand, the state shall be permitted to present whatever evidence it has of movant's status as a persistent offender.

CLIFFORD H. AHRENS, P.J., and LAWRENCE E. MOONEY, J., concur.