

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| DAQUETTA D. DAVIS, | ) | |
| | ) | WD78534 |
| Appellant, | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| STATE OF MISSOURI, | ) | January 17, 2017 |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable Robert Michael Schieber, Judge**

**Before Division One:  Thomas H. Newton, P.J.,**
**Cynthia L. Martin, and Edward R. Ardini, Jr., JJ.**

Ms. Daquetta Davis appeals the circuit court decision to deny a Rule 24.035 post-conviction motion.  Ms. Davis had been charged and sentenced as a prior and persistent offender under section 558.016.[1]  The plea and sentencing court neglected to make statutory findings that Ms. Davis was a prior or persistent offender before the sentencing.  Ms. Davis asserts that the omission of these required statutory findings invalidates the sentence.  We affirm.

Ms. Davis pleaded guilty to two counts of the class C felony of perjury on May 23, 2013.  Ms. Davis had been charged by way of indictment as a prior and persistent offender, under section 558.016.

---

[1] Statutory references are to RSMo (2000), as supplemented, unless otherwise indicated.

At the plea hearing, Ms. Davis admitted that she provided false testimony under oath in February 2013. Ms. Davis also admitted that she had two prior felony convictions. Ms. Davis acknowledged that she understood that the plea agreement limited the maximum range of punishment that the plea court could impose to a ten-year sentence. The plea court accepted the guilty plea.

At the July 2013 sentencing hearing, the sentencing court imposed concurrent ten-year sentences for both counts of perjury. During the hearing, the sentencing court did not explicitly state that it was sentencing Ms. Davis as a persistent offender. The original sentence and judgment also omitted the persistent offender finding. In August 2013, the sentencing court issued an amended judgment that included the persistent offender finding.

In October 2013, Ms. Davis filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence under Rule 24.035. Counsel timely filed an amended motion, raising two claims and incorporating Ms. Davis's *pro se* claims.

An evidentiary hearing was held in December 2014, and the motion court entered findings of fact and conclusions of law denying Ms. Davis's motion in March 2015. Ms. Davis filed a timely notice of appeal in April 2015. This appeal follows.

### Legal Analysis

"This Court's review of the denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Id.* "Movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling." *Id.*

*Garris v. State*, 389 S.W.3d 648, 650-51 (Mo. banc 2012), *cert. denied*, 134 S. ct. 113 (2013); Rule 24.035(k).

Ms. Davis argues that the motion court erred in overruling her Rule 24.035 motion because she established that the sentencing court sentenced her outside the applicable range of punishment. Ms. Davis asserts that the sentencing court incorrectly sentenced her because it failed to make the required statutory findings about her persistent offender status until after she was sentenced in violation of sections 558.016 and 558.021. We disagree.

Section 558.016.3 defines a persistent offender as "one who… has been found guilty of two or more felonies committed at different times." A person who is found to be a persistent offender and is found guilty of a class C felony is subject to "any sentence authorized for a class B felony." §558.016.7.

The specific procedure for determining whether a defendant is a persistent offender is outlined in section 558.021. The statute requires that the indictment or information plead the essential facts warranting such a finding, evidence is introduced to establish the pleaded facts beyond a reasonable doubt, and the court makes findings of fact reflecting that the defendant is a persistent offender beyond a reasonable doubt. *Id.* "In a trial without a jury or upon a plea of guilty, the court may defer the proof and findings of such facts to a later time, but prior to sentencing." *Id.* The statute also states that "[t]he defendant may waive proof of the facts alleged." *Id.*

"The State has the burden of proving beyond a reasonable doubt that a defendant has the requisite prior convictions to subject the defendant to enhanced sentencing as a persistent offender." *State v. Schnelle*, 398 S.W.3d 37, 46 (Mo. App. W.D. 2013). This burden is relieved, however, "when a defendant admits on the record that he

committed previous felony crimes." *State v. Gibbs,* 306 S.W.3d 178, 183 (Mo. App. E.D. 2010). *See O'Haren v. State*, 927 S.W.2d 447, 451 (Mo. App. W.D. 1996) ("Movant waived the requirement that the state prove the two prior convictions beyond a reasonable doubt when he pleaded guilty."); *Schnelle*, 398 S.W.3d at 46-47 ("By stating that he had no objection to being sentenced by the court due to his status as a persistent offender, and that he had no objection to the court's entry of the proposed findings proffered by the State, [the defendant] waived proof of his three prior felony convictions, and cannot now complain that the record contains insufficient evidence to establish those convictions.").

Ms. Davis contends that she was incorrectly sentenced because the trial court failed to make the required findings prior to her sentencing. An error of this type is considered a procedural deficiency which does not affect the judgment validity. *O'Haren*, 927 S.W.2d at 451 (After questioning a movant specifically about two prior convictions, the trial court failed to make specific findings concerning the nature and dates of the movant's two prior convictions. The appellate court found the trial court's findings unreviewable under Rule 24.035 and stated that an error of this type, if reviewable, would constitute a procedural deficiency with no effect on the judgment.); *see Hight v. State*, 841 S.W.2d 278, 282 (Mo. App. S.D. 1992).

Here, the record provides sufficient evidence to establish that Ms. Davis was a persistent offender. Initially, Ms. Davis was charged as a persistent offender for two prior convictions for felonies committed at different times.[2] During the development

---

[2] Ms. Davis was convicted as a persistent offender on the basis of two felonies with different case numbers, Distribution, Delivery, Manufacture of a Control Substance and Possession of a Controlled Substance, #04CR20346301 and Robbery in the First Degree, #0516-CR05035-01.

of the factual basis for the guilty plea, Ms. Davis admitted to committing the two prior felonies.[3]  In addition, Ms. Davis was advised that under her plea agreement, the plea court could sentence her to as much as ten years in prison on each count.[4] At the conclusion of Ms. Davis's plea hearing, the plea court stated that "The Court finds beyond a reasonable doubt that the defendant is guilty of the crimes to which she has pled guilty.  A factual basis has been established for those crimes by virtue of her testimony here this afternoon."  Thus, it is clear that the plea court knew and accepted that Ms. Davis had committed two felonies at separate times prior to sentencing. Finally, at Ms. Davis's sentencing, the State briefly outlined Ms. Davis's prior convictions stating:

> But this defendant knows all about second chances, because she has had them right here in these same courtrooms that she came in and perverted. In this courthouse she has received drug court, which is the best treatment we have to offer, and we willingly gave her that choice, to enter into drug court and get ahold of her problem.  Only when she was in drug court she picked up another case, a robbery in the first degree.

Though Ms. Davis correctly contends that the trial court failed to make the required statutory findings prior to her sentencing, an error of this type has been determined to be a mere procedural deficiency that does not affect the validity of the judgment so long as the record reflects the presence of sufficient evidence to have permitted the finding prior to sentencing.  *Hight v.* State, 841 S.W.2d at 282 ("[S]o long as there is evidence to support findings of fact required to meet the present definition of persistent

---

[3] Because Ms. Davis admitted to committing these crimes on the record, the State was relieved of its burden to prove the requisite prior convictions beyond a reasonable doubt. *State v. Schnelle,* 398 S.W.3d 37, 46 (Mo. App. W.D. 2013).

[4] The arranged sentence exceeds the maximum sentence for a Class C felony, meaning it was only by virtue of the persistent offender allegations that a ten year sentence was possible. *See* §558.011.1(3).

offender, the failure of the trial court to make specific findings has been labeled a 'procedural deficiency.'"). After review of the record, it is plain that the trial court could have found that Ms. Davis is a persistent offender under the statute. Point denied.

## Conclusion

Because the circuit court's omission of specific findings regarding Ms. Davis's status as a persistent offender is procedural in nature, we do not have a firm impression that a mistake has been made. Therefore, we affirm the circuit court's judgment.

/s/ THOMAS H. NEWTON
Thomas H. Newton, Presiding Judge

Martin and Ardini, JJ. concur.