Alok Ahuja, Judge
Patrick Sayre pleaded guilty in the Circuit Court of Sullivan County to one count of driving while intoxicated, and one count of driving without a valid license. Each offense was enhanced to a felony based on Sayre's prior convictions of similar offenses. Sayre filed a motion for post-conviction relief under Supreme Court Rule 24.035. In his amended motion, Sayre claimed that the circuit court had erroneously enhanced his two offenses to felonies. He asked that the court vacate his sentences, and resentence him for misdemeanors. The circuit court denied Sayre's motion, and he appeals. We affirm in part and reverse in part, and remand the case for Sayre to be resentenced on the driving without a valid license offense as a misdemeanor.
Factual Background
On December 9, 2013, Sayre was charged by information with the class B felony of driving while intoxicated in violation of § 577.010[1] (Count I), and the class D felony of driving without a valid license in violation of § 302.020 (Count II). The charges were based on an incident occurring on August 30, 2013. The charging instrument asserted that Count I should be enhanced to a class B felony because, between 1985 and 1996, Sayre had been convicted of ten prior intoxication-related traffic offenses. See §§ 577.023.1(2), .5. The information alleged that Count II should be enhanced to a class D felony because Sayre had three prior convictions for driving without a valid license. See § 302.020.3.
On January 23, 2014, Sayre entered pleas of guilty to both charges. The circuit court questioned Sayre at the plea hearing to ensure that his guilty pleas were made knowingly, intelligently, and voluntarily. The court questioned Sayre and his counsel as follows:
THE COURT: Do you understand that you are charged before me today by information for class B felony of driving while intoxicated?
SAYRE: Yes, ma'am.
THE COURT: Have you discussed this charge with your attorney?
SAYRE: Yes, ma'am.
THE COURT: Has your attorney explained the charge that you believe you understand it?
SAYRE: Yes, ma'am.
*884 THE COURT: [Counsel], have you discussed the charge with your client and believe he understands the charge?
[COUNSEL]: Yes, Your Honor, I believe he understands the charge.
After being reminded that Sayre was also charged with Count II, the court proceeded:
THE COURT: There is a Count II. ... Count II being Class D felony of driving without a valid license. You understand that, Mr. Sayre?
SAYRE: Yes, ma'am.
The State then described the underlying incident, in which a law enforcement officer encountered Sayre in his vehicle on August 30, 2013. With respect to the driving while intoxicated offense, the prosecutor described the circumstances which led the officer to conclude at the scene that Sayre was intoxicated, and recounted that Sayre's blood-alcohol content was measured at .166 percent using a breathalyzer. To support the driving without a valid license offense, the prosecutor explained that Sayre stated that "I don't have a driver's license" when asked to produce one. The prosecutor's recitation of the factual basis for the charges concluded with the statement: "Mr. Sayre was arrested for DWI, has ten prior convictions for driving while intoxicated."
After the State's description of the underlying facts, the circuit court asked Sayre whether he agreed with the prosecution's recitation:
THE COURT: You've heard the prosecutor's statement as to what the facts would be if this case were to go to trial on both counts. Is that accurate, Mr. Sayre?
SAYRE: Yes, ma'am.
THE COURT: Okay. Did you actually drive under the influence of alcohol on August 30, 2013 here in Sullivan County?
SAYRE: Yes, ma'am.
THE COURT: Okay. And also, drive without a valid license on that same date and time, knowing that you did not have a valid operator's license?
SAYRE: Yes, ma'am.
The prosecutor explained that Count I was charged as a class B felony, carrying a range of punishment of five to fifteen years' imprisonment, and that Count II was charged as a class D felony, subject to punishment by any combination of two to four years in the Department of Corrections, one year's confinement in the county jail, and/or a fine of up to $5,000.
At the conclusion of the guilty-plea hearing, the circuit court found that there were sufficient factual bases for Sayre's guilty pleas, and it accepted his pleas as voluntary and intelligent. The court ordered the preparation of a sentencing assessment report, and set the case for a later sentencing hearing.
Sayre appeared for sentencing on April 24, 2014. At the outset of the sentencing hearing, the circuit court stated, twice, that Sayre was a chronic offender with respect to the driving while intoxicated offense, and that the offense was accordingly classified as a class B felony. The court made no mention of the fact that Sayre had also been convicted as a recidivist offender on Count II. During the course of the sentencing hearing, the prosecutor reminded the court that Sayre had ten prior convictions for driving while intoxicated. Defense counsel acknowledged that Sayre "does have prior felonies for DWI." Defense counsel argued, however, that Sayre's prior driving while intoxicated convictions should not be deemed significant for sentencing purposes, because the most recent was 18 years earlier. The court also observed that the Sentencing *885 Assessment Report listed "nine felony convictions for either something revolving around drug use or possession of drugs, controlled substance or alcohol while driving." During the sentencing hearing, Sayre's conviction for driving without a valid license was discussed only briefly, with the prosecution and defense merely stating that any sentence on Count II should be ordered to run concurrent to Sayre's sentence for driving while intoxicated.
At the conclusion of the sentencing hearing, the court sentenced Sayre to ten years' imprisonment for driving while intoxicated. The court did not orally pronounce sentence for driving without a license. The written judgment stated that Sayre was sentenced as a chronic offender to ten years for driving while intoxicated, and to four years for driving without a license, with the sentences to run concurrently.
Sayre filed a pro se Rule 24.035 motion for post-conviction relief on June 16, 2014. Appointed counsel filed an untimely amended motion on February 24, 2015. The amended motion alleged that the circuit court had erroneously enhanced Sayre's offenses to felonies, because no evidence of Sayre's prior convictions was presented at the plea hearing, and the court made no explicit factual findings that Sayre had the prior convictions which would justify the enhancement of Counts I and II to felonies. The motion alleged that Sayre was prejudiced by the lack of evidence and findings, because he was "sentenced to serve ten and four years when the record only supports factual basis [sic ] for class A misdemeanors and maximum sentences of one year on each count in the county jail." The amended motion requested that "the Court ... vacate his sentence and resentence him to one year on each of Counts 1 and 2."
Sayre's post-conviction counsel and the State entered a Stipulation of Facts in lieu of an evidentiary hearing. The stipulation noted that at the guilty plea hearing the State indicated that Sayre "ha[d] ten prior convictions for driving while intoxicated." The parties also stipulated that "[t]here was no mention of any predicate driving without a license offenses" at the plea hearing. The Stipulation stated that, apart from the court asking Sayre if the prosecutor's statement of the factual basis for the offenses was accurate, "[t]here was no further inquiry regarding predicate convictions in support of Counts I and II." The Stipulation also recognized that "[t]he Court made no oral pronouncement of a sentence to Count II."
The circuit court entered its judgment denying Sayre's motion for post-conviction relief on August 31, 2015. Sayre appealed. This Court concluded that, because the amended motion filed by Sayre's appointed counsel was untimely, the circuit court was required to conduct an inquiry to determine whether Sayre had been abandoned by appointed counsel. Sayre v. State , 493 S.W.3d 33, 35-36 (Mo. App. W.D. 2016). We remanded the case to the circuit court to permit it to conduct the abandonment inquiry. Id. at 36.
The circuit court conducted a hearing on August 25, 2016, where post-conviction counsel admitted that he failed to timely file the amended motion through no fault of Sayre's. The court entered an amended judgment on September 30, 2016, finding that Sayre had been abandoned by counsel. The amended judgment reinstated the court's prior findings and conclusions, denying Sayre's amended motion for post-conviction relief.
Sayre once again appeals.
Standard of Review
This Court reviews the motion court's denial of post-conviction relief *886 under Rule 24.035 to determine if the court's findings of fact and conclusions of law are "clearly erroneous." The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the Court is left with a definite and firm impression that a mistake was made.
Ross v. State , 335 S.W.3d 479, 480 (Mo. banc 2011) (citations omitted).
Discussion
On appeal, Sayre argues that the circuit court erroneously enhanced both of his offenses to felonies, and that-because there was no basis to enhance the offenses-he is entitled to be resentenced for misdemeanors. We consider Sayre's claims regarding each of his convictions separately.[2]
I.
Sayre's first Point asserts that the trial court clearly erred in enhancing his driving while intoxicated offense to a class B felony, because no evidence of his prior convictions was presented at his guilty-plea hearing, and the circuit court made no findings concerning those prior convictions.
"Driving while intoxicated is for the first offense, a class B misdemeanor." § 577.010.2. However, "[a]ny person who pleads guilty to or is found guilty of a violation of section 577.010 ... who is alleged and proved to be a chronic offender shall be guilty of a class B felony." § 577.023.5. A "chronic offender" is "[a] person who has pleaded guilty to or has been found guilty of four or more intoxication-related traffic offenses." § 577.023.1(2)(a).
Section 577.023.7 describes the procedure for finding a defendant to be a chronic offender. It provides:
The ... court shall find the defendant to be a ... chronic offender if:
(1) The indictment or information, original or amended, or the information in lieu of indictment pleads all essential facts warranting a finding that the defendant is a prior offender or persistent offender; and
(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable *887 doubt the defendant is a ... chronic offender; and
(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a ... chronic offender.
§ 577.023.7(1)-(3). "In a trial without a jury or upon a plea of guilty, the court may defer the proof in findings of such facts to a later time, but prior to sentencing." § 577.023.9. A "defendant may waive proof of the facts alleged." § 577.023.11.
Sayre contends that the requirements of § 577.023.7 for finding him to be a chronic offender were not met, because the prosecutor never presented evidence of his prior convictions for intoxication-related traffic offenses, and the court made no findings concerning his prior convictions.
Sayre waived proof of his prior convictions, as contemplated by § 577.023.11. The information listed Sayre's conviction of ten prior intoxication-related traffic offenses, and Sayre stated during the plea hearing that he had reviewed the charge with counsel, and understood the nature of the charge. During the plea hearing, as part of the State's recitation of the factual basis for the underlying offense, the prosecutor stated that "Mr. Sayre was arrested for DWI, has ten prior convictions for driving while intoxicated ." The court then asked Sayre if the State's recitation of the factual basis was accurate, and he responded, "Yes, ma'am." At Sayre's sentencing hearing his counsel acknowledged that Sayre "does have prior felonies for DWI," and neither Sayre nor his counsel disputed the prosecutor's statement that Sayre "has ten prior convictions for this offense." Moreover, throughout the guilty plea and sentencing hearings, the court and counsel acknowledged that Sayre's driving while intoxicated conviction was being enhanced to a class B felony based on his status as a chronic offender, and was subject to the range of punishment applicable to a class B felony. Neither Sayre nor his counsel disputed the classification of the offense, or his chronic offender status.
In these circumstances, where Sayre agreed with the prosecutor's statement that he had ten prior driving while intoxicated convictions, and acknowledged his prior convictions at sentencing, Sayre waived proof of those prior convictions, and he cannot now complain about the lack of record evidence of those convictions. See Davis v. State , 510 S.W.3d 865, 867-68 (Mo. App. W.D. 2017) ; Wheeler v. State , 439 S.W.3d 241, 245-46 (Mo. App. W.D. 2014) ; State v. Schnelle , 398 S.W.3d 37, 46-47 (Mo. App. W.D. 2013) ; Moore v. State , 288 S.W.3d 810, 811-12 (Mo. App. S.D. 2009).
We also reject Sayre's claim that the circuit court failed to make specific factual findings supporting his chronic offender status, as required by § 577.023.7(3). At the sentencing hearing the court specifically noted on at least two occasions that the driving while intoxicated offense was a class B felony based on Sayre's status as a chronic offender. The court's written judgment also has the "chronic offender" box checked, and the court sentenced Sayre to a term of years available only with respect to a repeat offender. The court's actions are sufficient to show that the court found the facts necessary to establish Sayre's status as a chronic offender. See State v. Wheeler , 439 S.W.3d 241, 245 (Mo. App. W.D. 2014) (holding that "the trial court effectively found that [defendant] was a persistent offender" since he was charged as a persistent offender, and "upon his DWI conviction by the jury was sentenced to four years imprisonment for committing a class D felony, an enhanced sentence reserved for persistent offenders.");
*888 State v. Coomer, 976 S.W.2d 605, 606 (Mo. App. E.D. 1998) (holding that defendant's admission of previous driving while intoxicated convictions, coupled with the court checking the appropriate boxes on the judgment form, amounted to a sufficient finding by the court of the defendant's prior and persistent offender status); see also Davis , 510 S.W.3d at 867-68 (trial court's failure to make specific findings of prior convictions was "a mere procedural deficiency that does not affect the validity of the judgment" where the defendant admitted the prior convictions at her plea hearing).
Given Sayre's acknowledgement of his prior driving while intoxicated convictions, the circuit court had a sufficient basis to convict and sentence Sayre as a chronic offender to the class B felony of driving while intoxicated. Point I is denied.
II.
Sayre's second Point attacks the enhancement of his conviction for driving without a valid license to a class D felony.
Section 302.020.1(1) provides that it is unlawful for any person to "[o]perate any vehicle upon any highway in this state unless the person has a valid license." Generally, violation of § 302.020.1(1) is a misdemeanor. § 302.020.3. "Any person convicted a third or subsequent time of violating [§ 302.020.1(1) ] ... is guilty of a class D felony," however. Id. Section 302.020.3 further states that "[p]rior pleas of guilty and prior findings of guilty shall be pleaded and proven in the same manner as required by Section 558.021."
The procedures prescribed by § 558.021 are very similar to those specified in § 577.023, which we described in § I, above. Like § 577.023.7, § 558.021.1 requires: that the facts establishing the defendant's status as a recidivist be pled in the charging instrument; that evidence be introduced to prove the defendant's recidivist status beyond a reasonable doubt; and that the court make findings establishing the defendant's recidivist status beyond a reasonable doubt. Section 558.021.3 specifies (like § 577.023.9) that, "[i]n a trial without a jury or upon a plea of guilty, the court may defer the proof and findings of such facts to a later time, but prior to sentencing." Like § 577.023.11, § 558.021.5 provides that "[t]he defendant may waive proof of the facts alleged."
Unlike the enhancement of Sayre's driving while intoxicated offense, Sayre's driving without a valid license offense was enhanced to a class D felony without a sufficient evidentiary basis. The State did not present any evidence at the guilty plea or sentencing hearings which would support a finding that Sayre had prior convictions for driving without a valid license.
Moreover, there is no basis in the record to find that Sayre waived proof of the prior convictions necessary to enhance his driving without a valid license offense. While the court may have established at the plea hearing that Sayre admitted to driving without a valid license on August 30, 2013, the parties stipulated that "[t]here was no mention of any predicate driving without a license offenses" at the plea hearing. Although Sayre acknowledged at the plea hearing that he was pleading guilty to driving without a valid license as a class D felony, subject to the range of punishment for a class D felony, there is no indication in the record that Sayre was aware that the classification of the offense had been enhanced based on his status as a recidivist. In any event, even if the record established Sayre's "awareness of the potential enhancement of his sentence" due to his status as a recidivist, such awareness "does not remove the requirement that his prior felonies be proven." Matthews v. State , 123 S.W.3d 307, 310 (Mo. App. E.D. 2003) (defendant did not waive proof of *889 prior convictions even though he "acknowledged during the plea hearing that he was being sentenced as a persistent offender and was subject to an expanded range of punishment"); accord , Dudley v. State , 903 S.W.2d 263, 266 (Mo. App. E.D. 1995) (proof of prior felonies required even though, at plea hearing, defendant indicated that he "was aware he was being sentenced as a persistent offender, and was aware of the range of punishment applicable to persistent offenders"); Nash v. State , 775 S.W.2d 338, 339 (Mo. App. E.D. 1989) (same).
Sayre did not admit his prior convictions at the sentencing hearing, either. At that hearing, the driving without a valid license offense was mentioned only once, and the discussion consisted solely of the prosecution and defense both recommending that any sentence on the driving without a valid license offense run concurrently to Sayre's sentence for driving while intoxicated. The circuit court did not even orally pronounce sentence on Sayre for driving without a valid license.[3]
In these circumstances, there is no basis to find that Sayre waived proof of his prior convictions for driving without a valid license.
Because the State failed to present sufficient evidence to establish that Sayre had prior convictions for driving without a valid license, and Sayre did not waive proof of those convictions, his offense should not have been classified as a class D felony. We must accordingly vacate Sayre's sentence for this offense, and remand for him to be resentenced on this offense as a misdemeanor. Multiple prior decisions of this Court held that, where a defendant was sentenced as a recidivist without sufficient evidence following a bench trial or guilty plea, the State should be allowed to present additional evidence of prior convictions on remand.[4] Those decisions were overruled sub silentio , however, by the Missouri Supreme Court's decision in State v. Collins , 328 S.W.3d 705 (Mo. banc 2011). Collins held that, in a bench-tried case in which a defendant was alleged to be a recidivist subject to enhanced sentencing under § 577.023, "the state does not receive a second opportunity to prove its case" where the evidence it initially presented to establish the defendant's recidivist status was insufficient. Id. at 709-10 ; see also State v. Coday , 496 S.W.3d 572, 579 (Mo. App. W.D. 2016). Collins recognized that § 558.021 "contains virtually identical language to section 577.023," and the Court relied on cases applying § 558.021 to support its holding. 328 S.W.3d at 708-09. Under Collins , the State cannot be given an opportunity to "cure" its failure to present evidence of Sayre's prior convictions in any resentencing proceeding.
Conclusion
We affirm the circuit court's denial of post-conviction relief to Sayre with respect to his sentence for driving while intoxicated.
*890 We reverse the circuit court's denial of relief with respect to the driving without a valid license offense. Sayre's sentence for that offense is vacated, and the case is remanded to the circuit court for resentencing on that offense as a misdemeanor, as provided in § 302.020.3.
All concur.

Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, as updated through the 2013 Cumulative Supplement.

In his briefing on appeal, Sayre also contends that there was an insufficient factual basis for his guilty pleas under Rule 24.02(e), because the guilty-plea record does not reveal any facts supporting Sayre's recidivist status. If the record failed to establish a sufficient factual basis for Sayre's pleas, he would be entitled to withdraw his guilty pleas. See , e.g. , Frantz v. State , 451 S.W.3d 697, 704 (Mo. App. W.D. 2014). Sayre did not invoke Rule 24.02(e) in his amended motion, however, and he did not ask the court to permit him to withdraw his guilty pleas. Instead, Sayre's amended motion cited the statutes laying out the procedural requirements for enhancing an offense based on prior convictions, alleged that those statutes had been violated, and asked that the court resentence him for misdemeanor offenses.
In a post-conviction proceeding, all grounds for relief not listed in a Rule 29.15 motion are waived. Rule 29.15(d). Claims that are not presented to the motion court cannot be raised for the first time on appeal. Pleading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal. ... Further, there is no plain error review in an appeal from a post-conviction judgment for a claim that was not presented in the post-conviction motion.
Mallow v. State , 439 S.W.3d 764, 769-70 (Mo. banc 2014) (other citations and internal quotation marks omitted). Rule 24.035(d) contains the same waiver language as Rule 29.15(d). Accordingly, because Sayre's amended motion did not invoke Rule 24.02(e) or seek the vacation of his guilty pleas, those issues are not properly before us and we do not further address them.

The circuit court's failure to orally pronounce sentence on the driving without a valid license offense would appear to violate Rule 29.07(b)(2), which provides that, "[i]f the defendant has been convicted of a felony, he must be personally present when sentence and judgment are pronounced." See , e.g. , State v. Berry , 506 S.W.3d 357, 364-65 (Mo. App. W.D. 2016). Because this issue was not raised in Sayre's amended post-conviction relief motion, or in his briefing on appeal, we do not further address it. See note 2, above.

See , e.g. , Matthews v. State , 123 S.W.3d 307, 310-11 (Mo. App. E.D. 2003) ; Vickers v. State , 956 S.W.2d 405, 407 (Mo. App. S.D. 1997) ; Dudley v. State , 903 S.W.2d 263, 267 (Mo. App. E.D. 1995) ; Carrothers v. State , 851 S.W.2d 1, 1 (Mo. App. E.D. 1992) ; Nash v. State , 775 S.W.2d 338, 339 (Mo. App. E.D. 1989).